**Mike VIA, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**No. 92–2152–TUA.**

United States District Court, W.D. Tennessee, W.D.

July 29, 1992.

Betty Ann Milligan, John Mark Griffin, Memphis, Tenn., for plaintiff.

**838**

J. Randolph Bibb, Jr., Nashville, Tenn., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TURNER, District Judge.

Presently before the court is defendant General Electric Company's ("GE") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. This is a products liability action in which plaintiff alleges that a defective refrigerator caused a fire in his home. He seeks damages ($55,000), expenses, attorney's fees, and costs.[1]

GE designed, manufactured, assembled, packaged, advertised, and sold a GE refrigerator, model TBF16DAB, serial number ZF578911. (Answers of Defendant, General Electric Company, to Plaintiff's First Set of Interrogatories, Answer to Int. No. 2). The refrigerator was manufactured in December 1979. *Id.* at Answer to Int. No. 4. GE sold the refrigerator to Criner Furniture, 120 S. Washington Street, P.O. Box 377, Ripley, TN 38063. *Id.* at Answer to Int. No. 12. The refrigerator was shipped to the furniture store on January 9, 1980. *Id.* The Rozelle Criner Furniture Company sold the refrigerator to Roy Phillips on January 24, 1980, and delivered it on February 2, 1980. (Ballard Aff.).

■ On February 22, 1986, a fire allegedly broke out in the home owned by plaintiff in Ripley, Tennessee. An investigation allegedly led to the conclusion that the cause of the fire was "electrical in nature and produced by the heat generated by the electrical failure on the power cord of the refrigerator in the kitchen of plaintiff's home." (Complaint, paragraph 3). A lawsuit (apparently identical to the present action) was filed in the Lauderdale County Circuit Court at Ripley but voluntarily non-suited on January 15, 1991. (Complaint, paragraph 16). Apparently the first lawsuit was filed prior to January 25, 1990. The present action was filed in the Lauderdale County Circuit Court at Ripley on January 13, 1992. Defendant removed the case to federal court on or about February 19, 1992 based on diversity of citizenship.

The issue before the court, determinable under Tennessee law,[2] is whether this products liability lawsuit is barred by Tennessee Code Annotated § 29–28–103 [3] or is saved from the aforementioned statute's ten-year statute of repose by the Tennessee saving statute, Tennessee Code Annotated § 28–1–105.[4] The initial lawsuit was presumably filed within the statute of limitations but voluntarily non-suited on January

---

1. Paragraph 14 of the complaint requests punitive damages.

2. In diversity cases, federal courts apply state substantive law and the choice of law rules of the forum state. *Agricultural Services Ass'n, Inc. v. Ferry-Morse Seed Co. Inc.,* 551 F.2d 1057, 1063 (6th Cir.1977). The forum state is Tennessee and neither party disputes the application of Tennessee law. The court finds that the substantive law of Tennessee applies to this case.

3. 29–28–103. Limitation of actions—Exception. (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year

after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos.

*Tenn.Code Ann.* § 29–28–103 (1980).

4. Tennessee Code Annotated § 28–1–105 states in pertinent part:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest....

*Tenn.Code Ann.* § 28–1–105(a) (Supp.1991).

15, 1991, almost twelve months after the ten-year statute of repose had run. The suit was refiled on January 13, 1992 some 12 years after the first sale of the refrigerator but within the one year saving provision of section 28–1–105.

■ Tennessee Code Annotated § 29–28–103 contains a ten-year statute of repose which is substantive in nature. *See Wayne v. Tennessee Valley Authority,* 730 F.2d 392, 400–02 (5th Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985) (applying Tennessee law); *Myers v. Hayes Intern. Corp.,* 701 F.Supp. 618, 623–25 (M.D.Tenn.1988). The statute of repose does not violate state or federal constitutional due process or equal protection provisions. *Jones v. Five Star Engineering, Inc.,* 717 S.W.2d 882 (Tenn. 1986).

■ Statutes of limitations and statutes of repose are conceptually different. The running of a statute of limitations bars a remedy; the running of a statute of repose extinguishes both the right and the remedy. *See Goad v. Celotex Corp.,* 831 F.2d 508, 511 (4th Cir.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988); *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.,* 489 A.2d 413, 421 (Del.1984); *Rosenberg v. Town of North Bergen,* 61 N.J. 190, 293 A.2d 662, 667 (1972).

In *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453 (1938), plaintiff sued the Commissioner of Finance and Taxation to recover gasoline taxes paid under protest. The statute authorizing suit allowed the action to be filed any time within thirty days, "and not longer thereafter," after making payment. *Id.* 122 S.W.2d at 454. The suit was timely filed but "dismissed upon grounds not concluding the right of action." *Id.* at 455. A suit to recover taxes was again filed after the thirty-day limit with plaintiff relying on the Tennessee saving statute (now T.C.A. § 28–1–105). Plaintiff appealed an adverse ruling. The Tennessee Supreme Court held that the Tennessee saving statute did not apply in cases where the statute creating the right also set a time limit in which to exercise the right.[5] *Id.* at 456; *see also Brent v. Town of Greeneville,* 203 Tenn. 60, 309 S.W.2d 121 (1957).

Another line of cases under the Workmen's Compensation Act holds that an action timely filed within the Act's statute of limitations and dismissed on inconclusive grounds can be saved by the Tennessee saving statute. *See Blevins v. Pearson Hardwood Flooring Co.,* 176 Tenn. 606, 144 S.W.2d 781 (1940); *Rye v. DuPont Rayon Co.,* 163 Tenn. 95, 40 S.W.2d 1041 (1931). The *Rye* court noted, however, that in previous cases it treated the one-year limitations sections of the Act as a statute of limitations affecting the remedy and not as a statute of proscription. *Rye,* 40 S.W.2d at 1042.

■ Tennessee law controls this issue in a diversity case such as this but no Tennessee case directly addresses this issue.[6] Therefore the court must exercise its best judgment to determine what the Tennessee Supreme Court would hold were the question addressed to it. The undisputed evidence indicates that the allegedly defective refrigerator was sold for "use or consumption" on January 24, 1980. The statute of repose ran ten years from the date the "product was first purchased for use or consumption," i.e., on or about January 24, 1990. Plaintiff's initial suit was voluntarily non-suited on January 15, 1991 and not

**5.** The court stated:
  when a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right.
  *Automobile Sales,* 122 S.W.2d at 458.

**6.** The court has examined *Pigg v. Barge, Waggoner, Sumner and Cannon and Jabco, Inc.,* 1988 WL 92523 (Tenn.Ct.App.1988). This un-

published case involves a minor whose cause of action accrued after the applicable statute of repose had run. The court held that the minor had no cause of action.

In the present case, plaintiff's cause of action accrued within the statute of repose, but an apparently timely complaint was non-suited. While *Pigg* is helpful, it is by no means dispositive.

refiled until January 13, 1992, almost two years past the ten year statute of repose.

■ The court finds that the statute of repose for products liability actions contained in Tennessee Code Annotated § 29–28–103 extinguished plaintiff's claim when he took a voluntary nonsuit on January 15, 1991. The statute of repose mandates that any action[7] under the Products Liability Act be brought "in any event" within ten years of the first purchase for use or consumption. The use of Tennessee Code Annotated § 28–1–105 to save the claim would negate the intended effect of the "repose" function which is to extinguish the right, not just the remedy. This court finds *Automobile Sales* persuasive by analogy and holds that the Tennessee saving statute, § 28–1–105, may not be used to revive a claim after the ten-year period of repose at Tennessee Code Annotated § 29–28–103 has run.

The court finds no genuine issue of material fact and holds that defendant is entitled to summary judgment as a matter of law.

IT IS SO ORDERED.

---

**7.** There are three exceptions to this mandate which are specified in the statute. None applies to this case.