Gayle PENLEY,

v.

**HONDA MOTOR COMPANY,
LTD., et al.**

Supreme Court of Tennessee,
at Jackson.

Aug. 25, 2000.

William H. Haltom, Jr., Memphis, TN; Kenneth W. Hooks, Birmingham, AL; and Keith Belt, Birmingham, AL, for appellant, Ms. Gayle Penley.

R. Dale Bay, Nashville, TN; Susan R. High-McAuley, Nashville, TN; and Marshall T. Cook, Nashville, TN, for appellees, Honda Motor Company, Ltd.; Honda Research & Development Company, Ltd.; American Honda Motor Company, Inc.; Joe's Cycle Shop, Inc. d/b/a Joe's Cycle and Marine.

## OPINION

BARKER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, BIRCH, and HOLDER, JJ., joined.

The sole issue in this appeal is whether the ten-year statute of repose codified in the Tennessee Products Liability Act, Tenn.Code Ann. § 29-28-103(a) (1980 & Supp.1999), is tolled during any period of a plaintiff's mental incompetence. Granting the defendants' motion for summary judgment, the Chester County Circuit Court ruled that (1) the plaintiff's action was brought more than ten years from the product's first purchase for use or consumption; and (2) the ten-year statute of repose was not tolled by reason of mental incompetence. The Court of Appeals affirmed the grant of summary judgment, and the plaintiff was granted permission to appeal by this Court. For the reasons given herein, we likewise affirm the grant of summary judgment to the defendants and hold that mental incompetency does not operate to toll the statute of repose contained within the Tennessee Products Liability Act. The judgment of the Court of Appeals is affirmed, and the plaintiff's suit is dismissed.

On June 8, 1996, the plaintiff, Gayle Penley, along with several of her friends, went to the farm of William and Anne Morris to ride four-wheel all-terrain vehicles (ATVs). Because the group did not have enough ATVs for everyone to ride, Anne Morris allowed the plaintiff to borrow her ATV, and the group left to ride along some nearby trails. While riding on one of these trails, the plaintiff started to climb a steep hill, and as she neared the top of the hill, the ATV suddenly rolled over backwards and crushed her. The accident resulted in extensive injuries to the plaintiff's back and chest.

The plaintiff was rushed to a nearby hospital where she remained until her release on June 27, 1996. Upon closer examination, it was discovered that the plaintiff suffered a fracture of the L-1 vertebrae and fractures of the fifth, sixth, and seventh ribs on her right side. During her hospitalization, the plaintiff was in extreme pain and required near constant narcotic pain medication. As the plaintiff alleged in her amended complaint, she "was incapacitated and required twenty-four hour supervision and care. She was incapable of working, tending to her personal business, or of taking care of herself." The plaintiff also stated in an affidavit that she "was often unaware of what was going on around [her], and was periodically disoriented and dizzy."

On June 6, 1997, the plaintiff filed suit under the Tennessee Products Liability Act (TPLA) in the Circuit Court for Chester County alleging that the ATV involved in the plaintiff's injuries was designed, manufactured, tested, marketed, and sold in a defective or unreasonably dangerous condition. The claims against defendants Honda Motor Company, Ltd., American Honda Motor Company, Inc., Honda Research and Development Company, Ltd., and Joe's Cycle Shop, Inc., alleged strict liability, negligence, failure to warn, breach of express warranties, and breach of the implied warranties of merchantability and fitness for a particular purpose.[1]

On July 21, 1997, the defendants filed a motion for summary judgment arguing that the plaintiff's claims were barred by the ten-year statute of repose as set forth in Tennessee Code Annotated section 29-28-103(a). The defendants alleged that the ATV involved in the plaintiff's accident

---

1. Although not strictly relevant for purposes of this appeal, the plaintiff also filed suit against William and Ann Morris for their alleged negligence in failing to warn the plaintiff "as to the unreasonably dangerous nature" of the ATV and in failing to "provide any safety equipment or instruction." These two defendants are not involved in the case before this court, and any reference to the "defendants" in our opinion excludes defendants William and Ann Morris.

was first purchased for use or consumption by Ann Morris on May 23, 1987, ten years and thirteen days before the filing of the plaintiff's suit. In response, the plaintiff moved to amend her complaint to allege that the accident rendered her "mentally and physically incapacitated." The plaintiff then argued that the operation of the TPLA statute of repose was tolled by the legal disability statute, Tenn.Code Ann. § 28-1-106 (1980 & Supp.1999), during the twenty days that she remained mentally incapacitated in the hospital.

Although the circuit court allowed the plaintiff to amend her complaint to allege mental and physical incapacity during her period of hospitalization, it nevertheless granted the defendants' motion for summary judgment. The plaintiff appealed to the Court of Appeals, which affirmed the trial court's grant of summary judgment to the defendants and held that the TPLA statute of repose was not tolled by a plaintiff's physical or mental incompetence. The Court of Appeals also held that the absence of a tolling provision for persons of unsound mind did not render the TPLA statute of repose unconstitutional under the Tennessee Constitution.

The plaintiff then requested, and we granted, permission to appeal on the following issue: whether the TPLA ten-year statute of repose is tolled when the plaintiff suffers temporary mental incompetency. For the reasons stated herein, we hold that the TPLA statute of repose is not tolled by the plaintiff's temporary mental incompetency, and we affirm the trial court's grant of summary judgment to the defendants.

## STANDARD OF APPELLATE REVIEW

■ Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R.Civ.P. 56.03; *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993). Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assocs. Inc.,* 15 S.W.3d 83, 88 (Tenn.2000); *Seavers v. Methodist Med. Ctr.,* 9 S.W.3d 86, 90-91 (Tenn.1999). Courts should "grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion." *Staples,* 15 S.W.3d at 88; *see also Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997).

■ In reviewing the record to determine whether summary judgment requirements have been met, we must view all the evidence in the light most favorable to the non-moving party. *Eyring v. Fort Sanders Parkwest Med. Ctr.,* 991 S.W.2d 230, 236 (Tenn.1999); *Hall,* 847 S.W.2d at 210-11. Accordingly, for purposes of this review, we will presume that the plaintiff was in fact of "unsound mind" within the definition of Tennessee Code Annotated section 28-1-106 for the twenty days she was hospitalized following her accident.

## ANALYSIS

■ The issue of whether the TPLA ten-year statute of repose is tolled for mental incompetency appears to be one of first impression in Tennessee. Importantly, the parties do not dispute that the TPLA, including the ten-year statute of repose, governs all of the plaintiff's claims or that the plaintiff brought suit more than ten years after the product in question was "first purchased for use or consumption." Rather, the plaintiff's contention is that the ten-year statute of repose in section 29-28-103(a) is tolled during any period in which the plaintiff is mentally incapacitated.

The current text of the TPLA statute of repose reads in part as follows:

**29-28-103. Limitation of actions--Exceptions.--**

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by [sections] 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, *in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption,* or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants.

(c)(1) Any action against a manufacturer or seller for injury to a person caused by a silicone gel breast implant must be brought within a period not to exceed twenty-five (25) years from the date such product was implanted; provided, that such action must be brought within four (4) years from the date the plaintiff knew or should have known of the injury.

Tenn.Code Ann. § 29-28-103(a) (c)(1) (1980 & Supp.1999) (emphasis added).

Statutes of repose operate differently than statutes of limitation, primarily because statutes of repose typically begin to run with the happening of some event unrelated to the traditional accrual of the plaintiff's cause of action. *See, e.g., Cronin v. Howe,* 906 S.W.2d 910, 914 (Tenn.1995); *Wyatt v. A-Best Prods. Co.,* 924 S.W.2d 98,

102 (Tenn.Ct.App.1995). Because a plaintiff's cause of action can be eliminated by a statute of repose even before it accrues, *Watts v. Putnam County,* 525 S.W.2d 488, 491 (Tenn.1975), statutes of repose have been said to "extinguish both the right and the remedy," *Cronin,* 906 S.W.2d at 913. The courts of this state have construed statutes of repose as an absolute time limit within which actions must be brought, *id.* at 913, and this Court has characterized the statute of repose as "an outer limit or ceiling superimposed upon the existing statute [of limitations]." *Harrison v. Schrader,* 569 S.W.2d 822, 826 (Tenn.1978). As one court has stated with regard to the application of statutes of repose, "Where the injury occurs within the [repose] period, and a claimant commences his or her action after the [repose] period has passed, an action accrues but is barred. Where the injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred." *Gillam v. Firestone Tire & Rubber Co.,* 241 Neb. 414, 489 N.W.2d 289, 291 (1992) (citations omitted).

Despite the absolute and unyielding nature of statutes of repose, however, the General Assembly has allowed plaintiffs, in some cases, to commence a lawsuit even after the general statute of repose has run. For example, the General Assembly has permitted allegations of fraudulent concealment to toll the otherwise applicable three-year statute of repose in medical malpractice cases. *See* Tenn.Code Ann. § 29-26-116 (1980 & Supp.1999). Likewise, the four-year statute of repose for actions relating to defective improvement of real estate is tolled by statute if the injury occurs within the fourth year. *See* Tenn. Code Ann. § 28-3-203(a) (1980 & Supp. 1999).[2] It appears that when the General Assembly has desired that exceptions apply to a statute of repose, however, the exception is either found with the language

---

**2.** Any such action, though, "shall, in all events, be brought within five (5) years...."

Tenn.Code Ann. § 28-3-203(b).

of the statute itself, or in another part of the code specifically referencing the particular statute of repose.

 In considering whether the TPLA statute of repose is tolled for mental incompetency, we must determine and give effect to the intent of the legislature. *See, e.g., Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 599 (Tenn.1999). In so doing, we are to examine the "natural and ordinary meaning of the language used" in the TPLA, "without a forced or subtle construction that would limit or extend the meaning of the language." *See, e.g., Tuggle v. Allright Parking Sys., Inc.*, 922 S.W.2d 105, 107 (Tenn.1996). Where the language of the statute "is clear and unambiguous, then this Court will give effect to the statute according to the plain meaning of its terms." *Lavin v. Jordon*, 16 S.W.3d 362, 365 (Tenn.2000); *see also Gragg v. Gragg*, 12 S.W.3d 412, 415 (Tenn. 2000).

The TPLA ten-year limiting period states that *"in any event,* an action *must* be brought within ten (10) years from the date on which the product was first purchased for use or consumption."[3] Tenn. Code Ann. § 29-28-103(a) (emphasis added). When read in context, the language "in any event" carries precisely the same connotation as "notwithstanding other exceptions" or "without regard to any other limitations," and the General Assembly's use of this language compels the conclusion that it intended for the ten-year repose period to be an absolute bar beyond which no products liability cause of action could exist. Because the language is clear, this Court is not in a position to give the statute a construction which is not supported by the language. Consequently, the use of such broad language by the General Assembly weighs very heavily against finding an implied exception to the general

ten-year repose period for mental incompetency.

Section 29-28-103(a) also expressly exempts certain causes of action from application of the ten-year statute of repose. For example, the ten-year statute of repose does not strictly apply in the case of minors, who may still bring an action within one year of attaining majority even if the initial ten-year period has long since expired. Tenn.Code Ann. § 29-28-103(a). Moreover, since the original enactment of the TPLA in 1978, the General Assembly has carefully carved out two other exceptions to the statute of repose. In 1979, the legislature exempted asbestos claims from the operation of the statute of repose, 1979 Tenn. Pub. Acts ch. 162, § 1, and in 1993, the General Assembly extended the ten-year period to twenty-five years for claims arising from injury caused by silicone gel breast implants, 1993 Tenn. Pub. Acts ch. 457. Any reference to persons of unsound mind, however, is conspicuously absent.

 It is a well-established canon of statutory construction that "the mention of one subject in a statute means the exclusion of other subjects that are not mentioned." *See, e.g., Carver v. Citizen Util. Co.*, 954 S.W.2d 34, 35 (Tenn.1997) (citations omitted). Section 29-28-103 originally contained one express exception to the general ten-year limitations period, and the General Assembly has twice amended the statute since 1978 to include other express exceptions. The failure of the General Assembly to expressly include any provision exempting persons of unsound mind from the statute of repose strongly indicates its desire not to have such an exemption. Accordingly, we will not rewrite this statute to insert other categories not intended by the General Assembly. If the General Assembly intended for mental

---

**3.** Of course, the TPLA also has a "useful life" provision in the statute of repose which extinguishes a claim within one year "after the expiration of the anticipated life of the product." Courts are to apply either this provision or the ten-year provision, "whichever is the shorter." Tenn.Code Ann. § 29-28-103(a). Because this portion of the statute is not an issue in this case, we do not specifically address the "useful life" provision, although the same analysis would presumably apply.

incapacity to toll the ten-year statute of repose, it could easily have done so while amending the statute to provide for other exceptions.

The plaintiff argues in response that even though the TPLA statute of repose contains no express exception for persons of unsound mind, operation of the TPLA statute of repose is nevertheless tolled by the legal disability statute, Tennessee Code Annotated section 28-1-106 (1980 & Supp.1999). Section 28-1-106 reads as follows:

**28-1-106. Persons under disability on accrual of right.--**

If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

According to the plaintiff's interpretation, the General Assembly did not need to expressly exempt persons of unsound mind from the TPLA statute of repose because the legal disability statute provides for the same effect. We disagree.

The language of the legal disability statute itself strongly suggests that it only applies to toll statutes of limitations. For example, the effect of section 28-1-106 is to extend a limitations period so that a plaintiff may "commence the action," and the language of section 28-1-106 addresses only those legal disabilities which were in place at "time the cause of action accrued."

As we stated previously, statutes of repose differ primarily from statutes of limitations in that statutes of repose begin to run with some defining event without regard to the accrual of the cause of action. Indeed, it is certainly possible that a statute of repose will extinguish a cause of action even before the cause of action can formally accrue, and a statute of repose will operate to extinguish a claim that has accrued but has yet to be brought, thereby denying a plaintiff the opportunity to "commence the action." Accordingly, the references to the accrual and bringing of a cause of action indicate that this section is only applicable to extend the running of a statute of limitations, and we will not interpret the legal disability statute to give it effect beyond the fair import of its terms.

■ Further, because "statutes must be understood in light of the purposes the Legislature intended to accomplish by their passage," *Business Brokerage Ctr. v. Dixon*, 874 S.W.2d 1, 5 (Tenn.1994), it is important to consider the general background against which the General Assembly enacted the TPLA in 1978. During the 1970s, state legislatures nationwide began to adopt statutes of repose in response to a "perceived 'crisis' " in products liability law "following a decade or two of rapid expansion of liability." *See* W. Page Keeton, *Prosser and Keeton on the Law of Torts* § 31, at 167-68 & n. 26 (5th ed. 1984). In Tennessee, the General Assembly also perceived a "crisis" in products liability lawsuits, and it was clear that this perceived crisis was the primary motivation for the Tennessee Products Liability Act of 1978.[4] In the preamble to the TPLA, the General Assembly stated that

4. Several commentators have questioned whether the products liability crisis was real or merely perceived. Data and scholarly research suggest that there was neither an insurance crisis nor a litigation explosion. *See, e.g.,* Interagency Task Force of Prod. Liab., U.S. Dept. of Commerce, Final Report (1977); Theodore Eisenberg & James A. Henderson, Jr., *Inside the Quiet Revolution in Products*

*Liability,* 39 UCLA L. Rev. 731 (1992); Jerry J. Phillips, *Attacks on the Legal System--Fallacy of "Tort Reform" Arguments,* Trial, Feb. 1992, at 106. Irrespective of how the "crisis" actually came about, however, it cannot be disputed that it provided the motivation for the General Assembly to enact the TPLA and its corresponding statute of repose.

WHEREAS, The General Assembly finds and declares that the number of product liability suits and claims for damages and the amount of judgments, settlements and the expense of defending such suits have increased greatly in recent years, and because of these increases[,] the cost of product liability insurance was substantially increased....

WHEREAS, In view of these recent trends and for the purpose of alleviating the adverse effects which these trends are producing, it is necessary to protect the public interest by enacting measures designed to make product liability insurance more readily available at a reasonable cost so that product cost may be lessened to the consumer; and

WHEREAS, In enacting this act, it is the purpose of the General Assembly to provide a reasonable time within which action may be commenced against manufacturers and/or sellers while limiting the time to a specific period of time for which product liability insurance premiums can be reasonably and accurately calculated....

1978 Tenn. Pub. Acts ch. 703 preamble.

As the preamble to the TPLA indicates, the General Assembly perceived that uncertainty as to future liability increased the premiums for product liability insurance, which in turn increased the costs of production and ultimately consumer prices. The legislature considered the limitation of future liability to a reasonable and specific period to be one of the most important keys in solving the perceived products liability crisis. Accordingly, it is significant that the General Assembly created within the TPLA its own specific set of limitation periods for products liability actions, rather than relying upon more general limitation periods found elsewhere in the code. In fact, section 29-28-103(a) is quite explicit that its statutes of repose apply "notwithstanding any exceptions" to the limitation periods which would otherwise apply in Titles 28 and 47.

Where the General Assembly enacts some specific limitations period as part of an overall statutory scheme, these specific limitations will apply over more general provisions found elsewhere in the code. See Dobbins v. Terrazzo Mach. & Supply Co., 479 S.W.2d 806, 809 (Tenn.1972) (stating that "where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to effect the more particular provision"). Therefore, to reason that the legal disability statute somehow tolls the ten-year statute of repose in section 29-28-103(a) for an indefinite period of mental incompetency would be to defeat the very purposes behind the enactment of the TPLA. As the TPLA statute of repose was enacted as an important and specific measure to address products liability actions, we will not construe the legal disability statute to undermine the purposes behind that Act.

Because the General Assembly has excepted minors from strict application of the ten-year statute of repose, it could not have been unmindful as to the effect of the TPLA ten-year statute of repose on some persons with legal disabilities. Despite the plaintiff's assertions to the contrary, however, not all types of legal disability affect the running of a statute of repose in the same manner. For example, minority differs from mental incompetency in that any period of minority will necessarily extend no longer than eighteen years. Extending the running of a statute of repose during the minority of the plaintiff is not entirely destructive of the purposes for which statutes of repose have been enacted, because a defendant's exposure to liability will nevertheless be discontinued after an ascertainable passage of time. Consequently, by allowing a special exception for minors in the TPLA statute of repose, the General Assembly did not undermine its goal of providing for "a reasonable time within which action may be commenced."

By contrast, a policy that allows a plaintiff's mental incompetency to toll a statute of repose severely damages the purposes underlying statutes of repose generally because it envisions no practical end to a defendant's liability. Mental incompetency, for instance, could continue throughout the plaintiff's lifetime, and even once ended, could occur again. Although section 28-1-106 groups mental incompetency with minority, the General Assembly was not required to toll all otherwise applicable statutes of repose for persons falling within either category of legal disability, and we will not upset the legislative purpose of the TPLA by unduly extending the statute of repose ourselves.[5]

Finally, the plaintiff urges this Court to follow the approach taken by *Bowers by Bowers v. Hammond*, 954 S.W.2d 752 (Tenn.Ct.App.1997), in which the Court of Appeals held that the legal disability statute tolled the three-year medical malpractice statute of repose, Tenn.Code Ann. § 29-26-116, during the minority of the plaintiff. In dicta, the *Bowers* court expressed the belief that minority status was synonymous with mental incompetency, and that section 28-1-106 permitted tolling of the statute of repose for mental incompetency as well.

We disagree with the rationale used by the *Bowers* court to find implied exceptions for minority and mental incompetence to the three-year medical malpractice statute of repose. The *Bowers* holding is in stark contrast to the plain language of the statute, which admits of no tolling other than for fraudulent concealment, and the holding fails to recognize the policies underlying the statute of repose itself. In addition, the *Bowers* court seems to have ignored that the plain language of the legal disability statute applies only to toll statutes of limitations rather than statutes of repose.

Despite its imperfect reasoning, though, we note that the actual holding of the *Bowers* court does little structural damage to the medical malpractice statute of repose. As we stated earlier, not all types of legal disability affect the running of a statute of repose in the same manner, and an exception for minority merely extends--but does not practically eliminate--the repose period. Because *Bowers* has been the law in this state since 1997, and because the General Assembly has made no effort to amend the three-year statute of repose since *Bowers* to remove the implied exception for minority, we recognize that the bench, bar, and the public in general may have various reliance interests in its holding. Accordingly, we limit the precedential weight of that opinion to its explicit holding that the three-year medical malpractice statute of repose is tolled during the minority of the plaintiff. To the extent that the *Bowers* dicta can be read to toll any statute of repose for mental incompetency under Tennessee Code Annotated section 28-1-106, however, it is overruled.

---

5. Contrary to the plaintiff's assertions, we did not unduly extend the TPLA six-year statute of repose in Tennessee Code Annotated section 29-28-103(a) with our decision in *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). In *Sharp*, we held that the statute of repose did not bar actions which were initially filed during the repose period, but were voluntarily dismissed and re-filed pursuant to the savings statute, Tenn.Code Ann. § 28-1-105(a) (1980 & Supp.1995), after the statute of repose had run. We held that even though the General Assembly was silent as to any intention for the TPLA to supersede the savings statute, "application of the savings statute ... does not conflict nor frustrate either the letter or purpose of the products liability statute of repose." *Sharp*, 937 S.W.2d at 850. We were careful to note that issues of fair notice and accurate assessment of liability were not entitled to great weight since the plaintiff had to initially file suit within the repose period to take advantage of the savings statute. With the plaintiff's initial filing, defendants were on fair notice of the claim and could make financial adjustments accordingly. These issues are entitled to greater weight in the present case, however, because the very nature of mental incompetency renders uncertain both issues of fair notice and accurate assessment of liability, and because the plaintiff in this case, unlike *Richardson*, initially filed suit beyond the ten-year period of repose.

## CONCLUSION

In summary, we hold that the ten-year statute of repose in Tennessee Code Annotated section 29-28-103(a) is not tolled during any period of the plaintiff's mental incompetency. The language of section 29-28-103(a) admits of no exception other than those expressly listed, the policies underlying the products liability statute of repose are not furthered by an implied exception for mental incompetency, and the legal disability statute does not operate to toll an otherwise applicable statute of repose. Accordingly, the judgment of the Court of Appeals upholding the grant of summary judgment to the defendants is affirmed, and the plaintiff's action with respect to these defendants is dismissed.

Costs of this appeal are assessed to the plaintiff, Ms. Gayle Penley.