IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2002 Session

## SANDRA NEAL SPARKMAN and JOE BEN SPARKMAN v. BLUECROSS BLUESHIELD OF TENNESSEE

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 01C354     Hon. Samuel H. Payne, Circuit Judge**

**FILED FEBRUARY 28, 2003**

**No. E2002-00932-COA-R3-CV**

Plaintiffs' action was dismissed by the Trial Court on the grounds plaintiffs failed to exhaust administrative appeals. On appeal, we Vacate and Remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

W. I. Howell Acuff, Cookeville, Tennessee, and
John L. Lowery, Nashville, Tennessee, for Appellants.

Joe E. Manuel, Chattanooga, Tennessee, for Appellee.

## OPINION

Defendant refused to give pre-certification for surgery and plaintiffs' action was dismissed by the Trial Court on the grounds that plaintiffs failed to exhaust administrative remedies.

Plaintiffs are covered persons as employees of the State of Tennessee under the State's Comprehensive Medical and Hospitalization Program (hereinafter called "the Plan"). The Plan is self-insured and the State is the Plan Administrator. Blue Cross Blue Shield (hereinafter "Blue Cross") is the Claims Administrator, contractually designated by the State to provide claims adjudication and/or utilization review and/or Provider contracting.

Plaintiff was diagnosed at age 22 with cystic mastitis, a progressive condition which causes the breast tissue to become very firm and dense. Regular mammograms are difficult if not impossible to read and interpret with any certainty. Mammographers historically note in plaintiff's records that the density of the tissue might well obscure their ability to detect any malignant changes. When plaintiff's condition grew markedly worse in 1997, she consulted her gynecologist of 20 years, Dr. Tosh. He found the changes in her breasts were so suspicious and her condition so serious, a bilateral subcutaneous mastectomy was indicated, a procedure he rarely recommended as a prophylactic measure. Dr. Tosh referred her to a surgeon, Dr. Lois Wagstrom. Wagstrom's report stated that plaintiff's pain and discomfort were so severe that a simple palpation was unbearable, and the breast tissue was so absolutely rock hard that a mammography was not possible because the breast tissue would not displace.

By letter of November 14, 1997, Dr. Wagstrom requested from defendant certification of benefits for the surgery, which she intended to perform in conjunction with plaintiff's hysterectomy already scheduled for December 8, 1997. However, plaintiff became very ill and the surgery had to be cancelled. The hysterectomy was subsequently performed on May 28, 1998.

On December 8, 1997, Blue Cross denied Dr. Wagstrom's request for pre-certification. The only explanation was: "Under the terms of this patient's contract, benefits are not available for the services described." No information regarding further action or steps that the doctor or the plaintiff could take to have the decision reconsidered was provided. On February 24, 1998, Dr. Wagstrom wrote Blue Cross again to appeal the decision, and requested that a surgeon review the case. The record does not show that either a surgeon or any medical doctor reviewed the case. Blue Cross received Dr. Wagstrom's appeal on March 2, 1998, and denied it by letter on March 10, 1998. The letter instructed that the Provider could appeal this decision in writing to Blue Cross on a Provider Appeal Form.

On April 9, 1998, Dr. Wagstrom wrote to Blue Cross a third time to appeal on plaintiff's behalf, and included additional medical information. This appeal went unanswered until August 14, 1998, when Blue Cross again denied the request. The denial letter stated: "There is specific information which must be submitted in order for Blue Cross Blue Shield of Tennessee to further review your request for possible benefits for the proposed procedures." It then listed additional information to be sent to Blue Cross's Provider Appeals Coordinator.

The record does not show that the Provider was ever advised that under the terms of the Plan, plaintiff could or must also appeal its decisions through the State appeals process. Plaintiff, on her own initiative, spoke with a representative of Blue Cross, Barry Aldridge, who advised that the Board of Review would review her information twice and that she may want to compile more medical documentation with her second submission. Then, if she was still denied, she "might want to appeal through state."

Plaintiff testified that she was never given a specific reason by anyone at Blue Cross why the pre-certification had been denied. The customer service representative's advice to her in

January of 1998, was that she should keep talking with them and have letters written again. She specifically asked the representatives if there was anything else she could do, what other steps she should follow, and if she had done everything possible. Each time she was advised that she was doing all that she could, and to re-file and have letters written. She again contacted Blue Cross in the spring, prior to her surgery. Again she was told to contact her doctors, have them resubmit letters and keep pursuing it. Again she asked if she was meeting every criteria, and was assured she was.

When Plaintiff underwent the hysterectomy on May 28, 1998, widespread tumors were discovered throughout her body. She was diagnosed with infiltrating lobular carcinoma of the breast that is metastatic to the bone, bone marrow, and abdominal cavity. It is considered incurable, and her prognosis is poor. Her physicians advice was that a mastectomy will be of no benefit.

Our review of summary judgment is *de novo* with the Trial Court afforded no presumption of correctness on its conclusions of law. *Penley v. Honda Motor Co.,* 31 S.W.3d 181, 183 (Tenn.2000). Summary judgment requires the Court to determine "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of any material fact, then the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The evidence is considered in the strongest legitimate view in favor of the non-moving party, resolving all reasonable inferences in the non-moving party's favor, and discarding all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208, 210, 211 (Tenn. 1993).

Appellants insist that exhausting administrative remedies was not required in this case, because the doctrine only applies to remedies prescribed by statute, and Blue Cross is not an agency subject to the Uniform Administrative Procedures Act.

Assuming *arguendo* (and without deciding) that the exhaustion doctrine applies, there would be no point in requiring plaintiff to complete an administrative appeal process after May, 1998. Plaintiff presented an affidavit of Dr. Cohen, who opined that the delay brought about by Blue Cross caused a meaningful progression in her condition, and further appeal was now futile. The cancer had metasticized and the mastectomy surgery would have been for naught. The surgery Plaintiff's physicians had recommended was intended to prevent the circumstances which developed. However, defendants argue that the period from December 1997 to May 1998 had no material effect on the progress of the cancer. There is simply no medical evidence in the record to support this position.

We believe this is one of the infrequent instances where futility, a recognized equitable exception to the exhaustion doctrine, applies. The doctrine applies where resorting to available administrative appeals would be useless or inadequate. *See, State ex rel. Jones v. City of Nashville,* 279 S.W.2d 267, 268 (Tenn. 1955); *Turner v. Regional Mental Health Ctr. of Oak Ridge, Inc.,* 1986 WL 8276 at *1 (Tenn. Ct. App. No. 134).

Stated another way:

> . . . Where it plainly appears that the administrative remedy would be of no value and fruitless, the party seeking judicial relief does not have to complete administrative procedures before resorting to the courts. . . .

2 Am. Jur. 2d Administrative Law, § 605, p.441.

For the foregoing reasons, we vacate the Trial Court's Judgment and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed to BlueCross BlueShield of Tennessee.

_____
HERSCHEL PICKENS FRANKS, J.