IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 12, 2007 Session

## REBECCA L. MAINO v. THE SOUTHERN COMPANY, INC.  d/b/a THE SOUTHERN COMPANY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001002-04     James F. Russell, Judge**

---

**No. W2007-00225-COA-R9-CV - Filed November 19, 2007**

---

The trial court awarded summary judgment to Defendants based on the ten-year statute of repose applicable to products liability actions codified at Tennessee Code Annotated § 29-28-103.  We granted Plaintiff's application for interlocutory appeal with respect to whether the savings statute saves a products liability action that was filed within the products liability statutes of limitations and repose, voluntarily dismissed, and refiled within one year where the products liability statute of repose expired during the one-year savings period.  We hold Plaintiff may rely on the savings statute to refile her action.  Summary judgment in favor of Defendants is reversed, and this matter is remanded for further proceedings.

### Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Reversed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and JOHN EVERETT WILLIAMS, SP. J., joined.

Charles C. Harrell, Charles F. Morrow and Elizabeth C. Chance, Memphis, Tennessee, for the appellant, Rebecca L. Maino.

Jonathan Britt Phillips, Franklin, Tennessee, for the appellee, Universal Valve Company.

Alex C. Elder, Memphis, Tennessee, for the appellee, The Southern Company, Inc.

### OPINION

The facts relevant to our disposition of this interlocutory appeal are undisputed.  In July 1995, Plaintiff Rebecca Maino (Ms. Maino) sustained injuries when a cover on a man way flipped when she stepped on it as she walked across the parking lot of an Amoco station in Memphis, causing Ms. Maino to fall into the opening.  The man way cover was manufactured and sold by Universal Valve Company ("Universal Valve") and installed by The Southern Company, Inc. ("Southern Company")

in May 1993. In February 1996, Ms. Maino filed an action for damages against Universal Valve and Southern Company (collectively, "Defendants") in the Circuit Court for Shelby County. In her complaint, Ms. Maino asserted Universal Valve was liable for damages under the Tennessee Products Liability Act as codified at Tennessee Code Annotated § 29-28-101, *et. seq.* She additionally asserted claims of negligence against Southern Company. Ms. Maino prayed for compensatory damages in the amount of $1,000,000.

Following substantial discovery, Ms. Maino voluntarily non-suited her action on March 7, 2003, and refiled it on February 23, 2004, within the one-year period provided by the savings statute as codified at Tennessee Code Annotated § 28-1-105. In the meantime, the ten-year statute of repose applicable to products liability actions had expired in or about May 2003.

In May 2004, Universal Valve filed a motion for summary judgment based on the products liability statute of repose codified at Tennessee Code Annotated 29-28-103. The trial court granted Universal Valve's motion in October 2004, and Ms. Maino filed a motion for interlocutory appeal. In August 2005, Southern Company filed a motion for summary judgment based upon the statutes of repose applicable to products liability actions and actions arising from improvements to real property. Following a hearing of the matter, the trial court granted Southern Company's motion with respect to the statute of repose applicable to products liability claims, and denied the motion with respect to the statute of repose for improvements to real property. In December 2006, Ms. Maino filed a timely motion for interlocutory appeal of the trial court's award of summary judgment based on the products liability statute of repose. The trial court granted Ms. Maino's motion for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure in January 2007, and we granted permission to appeal in May 2007. We reverse and remand for further proceedings consistent with this Opinion.

### *Issue Presented*

The issue presented by this interlocutory appeal is whether the Tennessee Savings Statute codified at Tennessee Code Annotated § 28-1-105 saves a products liability action that was filed within the applicable statutes of limitations and repose, voluntarily non-suited, and refiled within the one-year period provided by the savings statute but after the expiration of the ten-year statute of repose contained in the Tennessee Products Liability Act codified at Tennessee Code Annotated § 29-28-103, where the statute of repose expired within the one-year savings period.

### *Standard of Review*

The issue presented requires us to construe the effect of the savings statute on the statute of repose contained in the Tennessee Products Liability Act. The construction of a statute is a question of law which we review *de novo*, with no presumption of correctness attached to the determination of the trial court. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

When construing a statute, the court must seek to ascertain and effectuate the intent of the legislature. *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). We must construe the statute as a whole in light of its general purpose. *State ex rel. Bastnagel v. City of Memphis*, 457 S.W.2d 532, 518-19 (Tenn. 1970). Insofar as possible, the intent of the legislature should be determined by the natural and ordinary meaning of the words used in the statute, and not by a construction that is forced or which limits or extends the meaning. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). When the language of a statute is clear, we must utilize the plain, accepted meaning of the words chosen by the legislature to ascertain the statute's purpose and application. If the wording is ambiguous, we must look to the entire statutory scheme and at the legislative history to ascertain the legislature's intent and purpose. We must construe statutes in their entirety, neither constricting nor expanding the legislature's intent. In so doing, we assume that the legislature chose the words of the statute purposely, and that the words chosen "convey some intent and have a meaning and a purpose" when considered within the context of the entire statute. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004) (citations omitted). Courts should, whenever possible, seek to construe statutes together so as to avoid conflicting interpretations. *Sharp*, 937 S.W.2d at 850.

### *Analysis*

The statute of repose contained in the Tennessee Products Liability Act provides, in pertinent part:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28- 3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tennessee Code Annotated § 29-28-103(a)(2000). The savings statute, on the other hand, provides, in pertinent part:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently

recommended pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a)(2000).

In *Via v. General Electric Company*, the federal district court, construing Tennessee law, held that the savings statute did not save a products liability action where the statute of repose had expired nearly one year before the plaintiff in that case voluntarily non-suited his action. *Via v. General Electric Co.*, 799 F.Supp. 837, 840 (W.D. Tenn. 1992). The *Via* court "exercise[d] its best judgment to determine" that the Tennessee Supreme Court would hold that the statute's provision that "in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption" operated to extinguish the plaintiff's claim when he took a voluntary non-suit after the statute of repose had expired. *Id.* at 839. The *Via* court stated, "[t]he use of Tennessee Code Annotated § 28-1-105 to save the claim would negate the intended effect of the 'repose' function which is to extinguish the right, not just the remedy." *Id.* at 840.

Four years after *Via*, however, the Tennessee Supreme Court addressed the effect of the savings statute on the products liability statute of repose in *Sharp v. Richardson*, 937 S.W.2d 846 (Tenn. 1996). In *Sharp*, the supreme court addressed whether the savings statute operated to save an action that was refiled beyond the six-year statute of repose contained in § 29-28-103. It answered in the affirmative, concluding that where a products liability action is timely filed within the statutes of limitations and repose, a plaintiff who non-suits may rely on the savings statute to refile within one year, "even if the non-suit and refiling occur beyond the six-year statute of repose." *Sharp*, 937 S.W.2d 846 at 850.

Universal Valve argues that the supreme court's holding in *Sharp* is not applicable to the present case, however, because it addressed only the six-year statute of repose and not the ten-year "in any event" provision contained in the section. Universal Valve asserts the products liability statute of repose consists of two separate provisions.[1] It argues that the first provision requires a products liability action to be brought within six years of the date of injury. It additionally quotes *Penley v. Honda Motor Company*, 31 S.W.3d 181 (Tenn. 2000), for the proposition that the second provision compels the conclusion that the ten-year repose period acts as an absolute bar against any products liability action, including one that is recommended pursuant to the savings statute.

Universal Valve's argument, as we understand it, is that a product liability action simply cannot, in any circumstance, exist after the expiration of ten years after the product was first purchased for use or consumption. Accordingly, it contends the savings statute cannot be used to revive a timely filed original action if the ten-year statutory period expires during the pendency of the one-year period provided by the savings statute. Universal Valve asserts the "in any event" language contained in the statute of repose reflects the legislature's intent that the right to

---

[1] Pursuant to Tennessee Rule of Appellate Procedure 27(j), The Southern Company adopted by reference the brief submitted by Universal Valve in its entirety.

recommence an initially timely-filed action under the savings statute is extinguished upon passage of the ten-year repose period, notwithstanding the historically liberal construction of the savings statute. Universal Valve accordingly urges us to affirm the trial court's award of summary judgment in its favor.

Ms. Maino, on the other hand, asserts that, in light of the supreme court's holding that the savings statute is to be construed liberally and the policy rationale behind the products liability statute of repose, the trial court erred in its determination that her claim was not saved where it was refiled within the one year provided by the savings statute. She argues that permitting her to refile her action pursuant to the savings statute does not extend the liability of an unsuspecting manufacturer where her action originally was filed within the statute of limitations and the statute of repose. Ms. Maino contends that application of the savings statute does not nullify the protections afforded by the statute of repose in this case because, unlike the defendant in *Penley*, Universal Valve had notice of her claims within the statutory period.

We begin our analysis by noting that the statute of repose is but one part of a comprehensive products liability statutory scheme that was enacted by the legislature in 1978. *Sharp*, 937 S.W.2d at 850. In *Sharp*, the supreme court observed that the statute was enacted to "address the actuarial concerns of the insurance industry and allow for accurate assessment of the liability exposure for insurance purposes." *Id.* The *Sharp* court noted, "[t]he stated purpose of the products liability statute of repose was to provide a 'specific period of time for which product liability insurance premiums can be reasonable and accurately calculated.'" *Id.* (quoting Tenn. Public Acts 1978, ch. 703, § 1).

The savings statute, on the other hand, is remedial in nature. *Sharp v. Richardson*, 937 S.W.2d 846, 849 (Tenn. 1996)(citations omitted). Its purpose is "to afford a *diligent* plaintiff the opportunity to renew a suit that was dismissed without concluding the plaintiff's right of action." *Id.*(emphasis in the original). The *Sharp* court observed,

> [i]ndeed, we said many years ago . . . "the statute has not merely a letter but a spirit. That spirit is manifested in the history of the statute . . . It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited."

*Id.* (quoting *Nashville, C & St. L. Ry. v. Bolton*, 184 S.W. 9, 11 (Tenn. 1916)). Accordingly, the savings statute has been construed liberally "in order to bring cases within its spirit and fair intention." *Id.* Moreover, this longstanding liberal construction of the savings statute has been applied "from almost every angle [from which] questions have been presented." *Nashville, C & St. L. Ry. v. Bolton*, 184 S.W. at 10.

In *Penley v. Honda Motor Company*, the supreme court addressed whether the ten-year products liability statute of repose is tolled during a plaintiff's mental incompetency. *Penley v.*

*Honda Motor Co.*, 31 S.W.3d 181 (Tenn. 2000). The *Penley* court held that it is not. *Id.* Unlike the case now before us, however, the plaintiff in *Penley* brought her original action beyond the ten-year statutory period. *Id.* at 182. Following defendant's motion for summary judgment on the grounds that the statute of repose had expired, plaintiff amended her complaint to assert that the statute should be tolled by her mental incapacity where the statutory period had expired thirteen days prior to the filing of her action and where she had remained hospitalized and incapacitated for twenty days. *Id.* The *Penley* court held that the language of the statute providing that "in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption," together with the narrow exceptions carved out within the remainder of the statute, precluded tolling the statute during a period of mental incapacity. *Id.* at 185-187.

In arriving at this conclusion, however, the *Penley* court also noted that the policy behind the ten-year statute of repose was to provide predictability for the purposes of reasonably calculating product liability insurance premiums. *Penley v. Honda Motor Co.*, 31 S.W.2d 181, 187 (Tenn. 2000). The court held that to toll the statute of repose for mental incapacity would undermine that predictability because mental incapacity, unlike minority, which is specifically excepted by the statute, could continue indefinitely and intermittently. *Id.* at 188.

As Universal Valve observes, the *Sharp* court held that the savings statute operated to save an action that originally was filed within the six-year statutory period, non-suited, and refiled beyond the six-year statute. *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). The *Sharp* court did not address the ten-year provision, which Universal Valve asserts bars recommencement of the action under the savings statute. However, the reasoning employed by the *Sharp* court is equally applicable to the ten-year provision in light of the purposes underlying the products liability statute of repose as discussed above.

As the *Sharp* court noted, the savings statute is not encompassed within the express exceptions to the products liability statute of repose. *Id.* at 849. The court held, however, that because the plaintiffs in *Sharp* initially filed their action within the limitations and repose periods, permitting them to refile pursuant to the savings statute, notwithstanding the expiry of the six-year repose period, was within the "longstanding purpose and spirit of the savings statute" and did not frustrate "either the letter or purpose of the products liability statute of repose." *Id.* at 850. Further, as the *Sharp* court observed, the repeal or alteration of a preexisting statute by implication in a later statute is disfavored, and the legislature easily could have superseded the savings statute explicitly within the products liability statutes had it so intended. *Id.* In *Sharp*, the supreme court refused to "presume a repeal" of the savings statute by the products liability statute of repose. *Id.* This reasoning is equally applicable here, particularly in light of the legislature's inaction for over a decade following *Sharp*.

Permitting a plaintiff to refile an action that originally was filed within the statute of limitations and ten-year statute of repose, non-suited, and refiled within the one-year period permitted by the savings statute does not frustrate the legislative intent of achieving a degree of predictability for the purposes of setting product liability insurance premiums. Unlike mental

incompetency, the extension of time under the savings statute is neither unpredictable nor without limitation. Additionally, no surprise or hardship is worked on a defendant or its insurance carrier where actual notice of an asserted claim is had within the statutory period. On the other hand, the purpose and spirit of the longstanding savings statute is realized.

We accordingly hold that a plaintiff who commences a products liability action within the products liability statute of limitations and ten-year statute of repose, voluntarily non-suits, and refiles within one year of the non-suit, may rely on the savings statute notwithstanding the expiration of the ten-year statute of repose.

### *Holding*

In light of the foregoing, the trial court's award of summary judgment to Defendants is reversed, and this matter is remanded for further proceedings. Costs of this appeal are taxed to the Appellees, Universal Valve Company and The Southern Company, Inc.

_____
DAVID R. FARMER, JUDGE