IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 9, 2003 Session

## HEALTH COST CONTROLS, INC. v. RONALD GIFFORD

**An Appeal by Permission from the Court of Appeals**
**Chancery Court for Weakley County**
**No. 15726      W. Michael Maloan, Chancellor**

---

**No. W2001-02267-SC-R11-CV - Filed June 24, 2003**

---

We granted this appeal to decide whether the Court of Appeals correctly held that the appellee, Health Cost Controls, Inc., was entitled to reimbursement for medical expenses on the basis that the appellant, Ronald Gifford, failed to establish that he had not been fully compensated, *i.e.*, "made whole" for his damages. The trial court found that the appellant's insurance policy denied coverage for expenses arising from an injury for which a third party was responsible and granted summary judgment to Health Cost Controls. Although the Court of Appeals initially affirmed the trial court's judgment, this Court remanded for further consideration under York v. Sevier County Ambulance Authority, 8 S.W.3d 616 (Tenn. 1999), which had held that an insured must be made whole before an insurer is entitled to reimbursement. On remand, the Court of Appeals concluded that York was not applicable because the appellant failed to establish that he had not been made whole and again affirmed the trial court's grant of summary judgment to the appellee. After reviewing the record, however, we conclude that our decision in York requires that the appellant Gifford be given an opportunity to establish that he was not made whole and that if he establishes that he was not "made whole," then the appellee, Health Cost Controls, is not entitled to reimbursement. Accordingly, we reverse the Court of Appeals' judgment and remand to the trial court for further proceedings.

**Tenn. R. App. P. 11  Appeal by Permission; Judgment of the Court of Appeals**
**Reversed; Remanded to Trial Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

H. Max Speight, Dresden, Tennessee, for the appellant, Ronald Gifford.

Thomas H. Lawrence and John M. Russell, Memphis, Tennessee, for the appellee, Health Cost Controls, Inc.

**OPINION**

Ronald Gifford, the County Executive of Weakley County, Tennessee, was seriously injured in an automobile accident while a passenger in a vehicle driven by his brother and owned by his mother. Gifford's mother, who was also a passenger, later died as a result of injuries from the accident.

Gifford was insured at the time of the accident through a Prudential Insurance Company group policy insuring Weakley County employees for medical benefits. On Gifford's behalf, Prudential paid under the policy $37,795.08 for medical expenses incurred because of injuries in the accident.

Gifford's separate tort claim for his personal injuries was based on the negligence of his brother, the driver of the car, imputed to his mother, the owner of the car. The tort claim was settled by State Farm Insurance Company, Gifford's mother's liability insurance carrier, by the payment of $100,000 – the limit under her policy.

After State Farm Insurance Company made the $100,000 payment to Gifford, Health Cost Controls, Inc., ("HCC"), Prudential's assignee, demanded reimbursement from Gifford of the $37,795.08 paid by Prudential for his medical expenses. HCC's claim for reimbursement relied upon terms in Gifford's policy entitled "Benefit Modification for Third Party Liability," which included the following:

> A. This Modification applies when a person, other than the person for whom a claim is made, is considered responsible for a Sickness or Injury. To the extent payment for the Sickness or Injury is made, or may be made in the future, by or for that responsible person (as a settlement, judgment or in any other way):
>
> (1) charges arising from that Sickness or Injury are not covered; . . . .
>
> B. But when a claim is received by Prudential, benefits which would be payable except for A above will be paid if:
>
> (1) payment by or for the responsible person has not yet been made; and
>
> (2) the Covered Person(s) involved (or if incapable, that person's legal representative) agrees in writing to pay back promptly the benefits paid as a result of the Sickness or

> Injury to the extent of any future payments
> made by or for the responsible person for the
> Sickness or Injury. . . .

(Emphasis added). Gifford refused to reimburse the expenses.

HCC filed this action for reimbursement seeking return of the payment for medical expenses on the theory that the payment had been made by mistake and moved for summary judgment based on the "third party liability" terms of Gifford's policy with Prudential. The trial court concluded that the provisions in the policy set out above denied coverage for an injury caused by a third party on whose behalf payment is made by "settlement, judgment, or in any other way." The trial court did not consider the made whole doctrine, although HCC had filed an affidavit stating that $44,000 of the payment was for Gifford's medical expenses and that the remaining $56,000 of the payment was for Gifford's pain and suffering. Accordingly, the trial court granted summary judgment in favor of HCC and ordered Gifford to reimburse HCC for the medical expenses that had been paid by Prudential.

The Court of Appeals held that the medical expenses payment was not covered under the policy, that Prudential's payment was based on a mistake of fact, and that the trial court properly granted summary judgment. Before oral argument, however, this Court released York v. Sevier County Ambulance Authority, 8 S.W.3d 616 (Tenn. 1999), in which we held that an insured must be made whole based on equitable principles before an insurer is entitled to reimbursement, regardless of policy language. Gifford, who had pleaded the made whole doctrine in the trial court as a defense, discussed York in oral argument in the Court of Appeals as controlling authority in this case. On application for appeal, we remanded the case to the Court of Appeals to consider York. On remand, the Court of Appeals once again affirmed the trial court's summary judgment after determining that York was inapplicable and that "Gifford did not carry his burden of establishing that he was not made whole."

We then granted Gifford's application for permission to appeal.

**STANDARD OF REVIEW**

Summary judgment is appropriate only where the moving party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Penley v. Honda Motor Co., 31 S.W.3d 181, 183 (Tenn. 2000); see also Tenn. R. Civ. P. 56.04. In reviewing a motion for summary judgment, the evidence and all reasonable inferences drawn from the evidence must be viewed in a light most favorable to the non-moving party. Webber v. State Farm Mut. Auto. Ins. Co., 49 S.W.3d 265, 269 (Tenn. 2001). Our review of the trial court's ruling is de novo. Id. at 269.

**ANALYSIS**

Gifford argues that he was not required to reimburse HCC for the medical expenses paid by Prudential because he had not been made whole for his injuries and that the Court of Appeals erroneously construed York v. Sevier County Ambulance Authority. HCC argues that Prudential made payment to Gifford only because it was not aware of a third party's liability, that York is not applicable in cases where restitution is based on a mistaken payment, and that Gifford failed to show that he had not been made whole. HCC therefore maintains that the Court of Appeals correctly affirmed the trial court's grant of summary judgment and order requiring Gifford to reimburse the medical expenses.

In York, the plaintiffs received a $130,000 settlement from two defendants after an automobile accident. An insurance carrier later sought to recover medical expenses it had paid on behalf of one of the plaintiffs pursuant to provisions in its first party insurance policy with the plaintiff regarding subrogation and reimbursement. York, 8 S.W.3d at 618. The trial court rejected the insurance carrier's arguments after finding that the plaintiff's damages had exceeded the settlement amount. Id. at 618-19.

We recognize that the trial court in this case did not have the benefit of our decision in York when making its ruling on the summary judgment motion. As we discussed in the York appeal, subrogation allows an insurer to assert the rights of the insured against a third party; reimbursement, on the other hand, allows the insurer to recover payments made on behalf of the insured directly from the insured. York, 8 S.W.3d at 618-19. Contrary to HCC's contention, we made no exception or distinction for "restitution by mistake" or for cases in which an insurer claims that payment would not have been made to an insured if the insurer had known of the third party's liability.

On appeal, we also observed that "a right of reimbursement raises many of the same equitable issues involved in subrogation and warrants the same conclusion – that the insured must be made whole before the insure[r] is entitled to reimbursement." Id. at 620 (citing Wimberly v. Am. Cas. Co., 584 S.W.2d 200 (Tenn. 1979) (insured must be made whole before insurer's rights to subrogation arise)). We further stated that

> neither subrogation nor reimbursement should detract from the
> primary goal of compensatory damages: to compensate a party for
> the full extent of his or her losses. Moreover, the equitable interests
> [with regard to subrogation], apply equally to reimbursement. . . .
> [T]here is no risk of the insured receiving a "double recovery" for the
> same loss if he or she has not been made whole. Similarly,
> reimbursement to the insurer from the insured would not hold the
> wrongdoer or tortfeasor accountable for the loss. Finally, in
> considering the equities between the parties, we note that any

-4-

potential loss incurred by the insure[r] is a loss that it was paid to
assume by the very nature of an insurance contract.

York, 8 S.W.3d at 620. Accordingly, we concluded that "an insured party must receive full compensation and be made whole for his or her losses before an insurer is entitled to reimbursement for medical expenses paid on behalf of the insured, even when there is a specific 'right of reimbursement' clause in the insurance policy." Id. at 621. Under our decision in York, therefore, the threshold issue is whether an insured was fully compensated, *i.e.*, "made whole," for the damages.

Applying York to this case, it is clear that Gifford's answer to HCC's complaint in the trial court alleged that the settlement he received from State Farm was not intended to make him whole for his losses and in fact "did not . . . make him whole as a result of his injuries."

The trial court, however, granted summary judgment to HCC based solely on the language of the insurance policy and did not determine whether there was a genuine issue as to whether Gifford had been made whole for his damages; accordingly, it made no finding as to whether Gifford had been made whole. As a result, Gifford was not afforded an opportunity in the trial court to argue, establish, or prove that he had not been "made whole." Moreover, contrary to HCC's argument, the mere fact that Gifford agreed to a settlement for the policy limits under the State Farm policy was in no way dispositive of whether he had been made whole. Accordingly, there was no basis in the record to support the Court of Appeals' conclusion by implication that Gifford had the opportunity and failed to prove that he had not been made whole.

Our decision in York is crystal clear – an insured must be made whole for damages before an insurer is entitled to either subrogation or reimbursement. We made no distinction or exception for cases in which an insurer claims that it made a payment because it did not know of a third party's liability. As we said in York:

> [A]n insurer is not entitled to subrogation unless and until the insured
> has been made whole for his or her losses, regardless of what
> language is contained in the contract. . . . [T]he same rule must apply
> to a contract that, in effect, seeks to evade the "made whole" doctrine
> by replacing or supplementing the law of subrogation with a right of
> reimbursement.

Id. at 621. It follows that the key issue in any such case requires a factual determination of whether the insured has received full compensation for the damages incurred. Since this critical issue was not addressed or determined under the circumstances of this case, we reverse the Court of Appeals' judgment and remand to the trial court for further proceedings consistent with this opinion.

**CONCLUSION**

After reviewing the record, we conclude that the appellant, Ronald Gifford, must be given an opportunity in the trial court to establish that he was not made whole and that if he establishes he was not made whole, then the appellee, Health Cost Controls, is not entitled to reimbursement. Accordingly, we reverse the Court of Appeals' judgment and remand to the trial court for further proceedings. Costs of appeal are taxed to the appellee, Health Cost Controls, Inc., for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE