IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 17, 2006 Session

# HEALTH COST CONTROLS, INC. v. RONALD GIFFORD

**Direct Appeal from the Chancery Court for Weakley County**
**No. 15726     William M. Maloan, Chancellor**

---

**No. W2005-01381-COA-R3-CV - Filed March 20, 2006**

---

This is not the first time this case has been on appeal.  In this appeal, we are asked to determine if the chancery court erred when it found that an insured individual was made whole by a settlement agreement with a third party tortfeasor so as to require the insured to reimburse his insurer. Specifically, Appellant contends that the chancery court erred in finding that the insured was not made whole because it failed to use the formula method used by federal courts for determining whether an insured is made whole and failed to engage in an analysis of the dollar amounts of the insured's recovery and losses.  We reverse and find that the insurer is entitled to reimbursement from the insured.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

John M. Russell, Thomas H. Lawrence, and Julie Y. McLaughlin, Memphis, TN, for Appellant

H. Max Speight, Dresden, TN, for Appellee

**MEMORANDUM OPINION**[1]

**I.   FACTS & PROCEDURAL HISTORY**

This is not the first time this case has been on appeal.  In a previous opinion rendered by the Tennessee Supreme Court concerning this case, it noted the following pertinent factual and procedural history:

> Ronald Gifford [("Gifford" or "Appellee")], the County Executive of Weakley County, Tennessee, was seriously injured in an automobile accident while a passenger in a vehicle driven by his brother and owned by his mother. Gifford's mother, who was also a passenger, later died as a result of injuries from the accident.

> Gifford was insured at the time of the accident through a Prudential Insurance Company group policy insuring Weakley County employees for medical benefits. On Gifford's behalf, Prudential paid under the policy $37,795.08 for medical expenses incurred because of injuries in the accident.

> Gifford's separate tort claim for his personal injuries was based on the negligence of his brother, the driver of the car, imputed to his mother, the owner of the car. The tort claim was settled by State Farm Insurance Company, Gifford's mother's liability insurance carrier, by the payment of $100,000 - the limit under her policy.

> After State Farm Insurance Company made the $100,000 payment to Gifford, Health Cost Controls, Inc., ("HCC" [or "Appellant"]), Prudential's assignee, demanded reimbursement from Gifford of the $37,795.08 paid by Prudential for his medical expenses. HCC's claim for reimbursement relied upon terms in Gifford's policy entitled "Benefit Modification for Third Party Liability," which included the following:

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee governs the issuance of Memorandum Opinions, which states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

A. This Modification applies when a person, other than the person for whom a claim is made, *is considered responsible for a Sickness or Injury. To the extent payment for the Sickness or Injury is made, or may be made in the future,* by or for that responsible person (as a settlement, judgment or in any other way):

(1) *charges arising from that Sickness or Injury are not covered; . . . .*

B. But when a claim is received by Prudential, benefits which would be payable except for A above will be paid if:

(1) payment by or for the responsible person has not yet been made; and

(2) *the Covered Person(s) involved (or if incapable, that person's legal representative) agrees in writing to pay back promptly the benefits paid as a result of the Sickness or Injury to the extent of any future payments made by or for the responsible person for the Sickness or Injury. . . .*

(Emphasis added). Gifford refused to reimburse the expenses.

HCC filed this action for reimbursement seeking return of the payment for medical expenses on the theory that the payment had been made by mistake and moved for summary judgment based on the "third party liability" terms of Gifford's policy with Prudential. The trial court concluded that the provisions in the policy set out above denied coverage for an injury caused by a third party on whose behalf payment is made by "settlement, judgment, or in any other way." The trial court did not consider the made whole doctrine, although HCC had filed an affidavit stating that $44,000 of the payment was for Gifford's medical expenses and that the remaining $ 56,000 of the payment was for Gifford's pain and suffering. Accordingly, the trial court granted summary judgment in favor of HCC and ordered Gifford to reimburse HCC for the medical expenses that had been paid by Prudential.

The Court of Appeals held that the medical expenses payment was not covered under the policy, that Prudential's payment was based on a mistake of fact, and that the trial court properly granted summary judgment. Before oral argument, however, this Court released *York v. Sevier County Ambulance Authority*, 8 S.W.3d 616 (Tenn. 1999), in which we held that an insured must be made whole based on equitable principles before an insurer is entitled to reimbursement, regardless of policy language. Gifford, who had pleaded the made whole doctrine in the trial court as a defense, discussed *York* in oral argument in the Court of Appeals as controlling authority in this case. On application for appeal, we remanded the case to the Court of Appeals to consider *York*. On remand, the Court of Appeals once again affirmed the trial court's summary judgment after determining that *York* was inapplicable and that "Gifford did not carry his burden of establishing that he was not made whole."

*Health Cost Controls, Inc. v. Gifford*, 108 S.W.3d 227, 228-29 (Tenn. 2003). The Tennessee Supreme Court reversed the decision of this Court, finding that its decision in *York v. Sevier County Ambulance Authority*, 8 S.W.3d 616 (Tenn. 1999) was applicable and that the made whole doctrine applied in this case. *Id.* at 231. The Tennessee Supreme Court remanded the case to the trial court to make a factual determination of whether Gifford was "made whole" by his settlement. *Id.*

On remand, the chancery court found that

> [i]n light of the severity of the physical and emotional injuries, and the medical bills incurred, the Court finds Gifford has not been made whole by the settlement proceeds in this case and, therefore, HCC is not entitled to reimbursement of the $37,795.08 it paid in medical bills on behalf of Gifford.

## II. ISSUE PRESENTED

Appellant has timely filed its notice of appeal and presents the following issue for review:

1. Whether the chancery court erred when it found that Appellee was not "made whole" by his settlement.

For the following reasons, we reverse the decision of the chancery court.

## III. STANDARD OF REVIEW

This Court reviews findings of fact by a trial court sitting without a jury under a *de novo* standard with a presumption of correctness for the trial court's findings. Tenn. R. App. P. 13(d). This Court reviews a trial court's conclusions of law *de novo* with no presumption of correctness for the trial court's conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

On appeal, Appellant contends that the chancery court erred when it found that Appellee was not made whole by his settlement agreement so as to require Appellee to reimburse Appellant for the medical expenses Appellant paid for on behalf of Appellee. We agree.

Recently, this Court found in *Abbott v. Blount County*, No. E2004-00637-COA-R3-CV, 2005 Tenn. App. LEXIS 469, at *23 (Tenn. Ct. App. Aug. 9, 2005) (perm. app. filed), that where a trial court "made no findings of any damage amount other than medical expenses of $223,000, . . . [and] simply stated that in light of the severity of [the insured's] injuries, neither the $1,275,000 out-of-court settlement nor any amount of money could possibly make her whole" was "neither proof nor finding of damages." *Id.* at *22-23. In doing so, this Court stated that "[c]ompensable damages must be proved in compensable terms; in other words, they must be valuated monetarily." *Id.* at *23. Further, this Court concluded that "the burden of proof is on the insured to demonstrate that the settlement did not make her whole in light of all the facts . . . ." *Id.* at *23-24 (citing *Tenn. Farmers Mut. Ins. Co. v. Farmers*, No. 03A01-9610-CH-00327, 1998 Tenn. App. LEXIS 581, at *3 (Tenn. Ct. App. Aug. 20, 1998) (no perm. app. filed)). We find this rationale to apply in this case as well.

At trial, while the chancery court found that Appellee was not made whole by the settlement agreement and determined the amount of medical damages Appellee incurred, it did not assign a monetary amount to the injuries Appellant suffered from the accident. Rather, the chancery court made specific findings as to what injuries Appellant suffered. In this case, the only monetary damages that the chancery court found that Appellee incurred was the amount of Appelle's medical expenses, which the chancery court stated was in excess of $45,000. From the limited record before us on appeal, we can find no evidence that Appellee presented as to the monetary value of his injuries. Appellee has recovered $100,000 for his injuries from the settlement agreement, $37,795.08 from Appellant for medical expenses incurred from his injuries, and $7,358.95 from another insurer of Appellee, bringing Appellee's total recovery to $145,154.03.[2] As his total recovery is in excess of the amount of damages proved at trial, we conclude that Appellee was made

---

[2] This Court is cognizant of the fact that when the chancery court attempted to determine whether Appellee was made whole, it used the amount recovered by Appellee from the settlement agreement as the total amount of recovery as a basis to determine whether Appellee was made whole. When determining whether an insured is made whole, a court must make its determination in light of the total recovery, which in this case not only included the amount of the settlement agreement but also included the amount paid by Appellant and another insurer of Appellee for his medical expenses. *See Wimberly v. Am. Cas. Co.*, 584 S.W.2d 200, 203-04 (Tenn. 1979) (determining total recovery by insured by adding amounts recovered by insured from two different insurers).

whole by the settlement. Accordingly, we reverse the decision of the chancery court and find that Appellant is entitled to reimbursement from Appellee.

## V. Conclusion

For the aforementioned reasons, we reverse the decision of the chancery court and find that Appellant is entitled to reimbursement from Appellee because Appellee was made whole from his settlement agreement. Costs of this appeal are taxed to Appellee, Ronald Gifford, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE