IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2011 Session

**LOUIS BONANNO, SR. v. WILLA FARIS**

**Appeal from the Circuit Court for Washington County**
**No. 27972     Jean A. Stanley, Judge**

_____

**No. 2010-02326-COA-R3-CV-FILED-AUGUST 1, 2011**

_____

The plaintiff requested a transcript of a deposition from the defendant, a court reporter. When the defendant notified the plaintiff that the transcript was ready and told him her fee, he neither retrieved the transcript nor paid her. After the defendant made several telephone calls to the plaintiff in an attempt to obtain payment, the plaintiff brought an action against the defendant. The trial court granted the defendant's motion for summary judgment. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Louis Bonanno, Sr., Jonesborough, Tennessee, appellant, pro se.

Dan R. Smith, Johnson City, Tennessee, for the appellee, Willa Faris.

**OPINION**

**I. BACKGROUND**

The plaintiff, Louis Bonanno, Sr., first encountered the defendant, Willa Faris, a court reporter, during the course of a deposition taken in a federal court case Mr. Bonanno filed against a prior employer. At the conclusion of the deposition, Mr. Bonanno requested that Ms. Faris provide him a copy of the deposition transcript. When Ms. Faris made the transcript available to Mr. Bonanno and advised him that the fee for the copy was $250, he

never retrieved the transcript and refused to pay the fee. Mr. Bonanno testified in a deposition, *inter alia*, as follows:

> Q. Okay. Did you call [Ms. Faris] and tell her . . . that you didn't need her deposition [transcript], to stop working on it?
>
> A. No, I did not.
>
> Q. Okay. And you admit that you told her to get you a deposition [transcript]; isn't that true?
>
> A. Yes.
>
> * * *
>
> Q. And you don't deny that she has a basis for believing that you owe her money?
>
> A. Everybody has a basis.
>
> Q. Which was she did the transcript for you, right?
>
> A. Yes, she had the – well, she says she has a transcript.
>
> Q. You just don't think she did it in the right amount of time?
>
> A. True.

When Mr. Bonanno would not pay for the transcript copy, Ms. Faris allegedly called him on six occasions between May 14 and November 6, 2009, soliciting payment. She admits that she called Mr. Bonanno one time at his place of employment and left a message that she would sue him if he did not pay the fee for the transcript. Mr. Bonanno eventually filed this action deemed by the trial court to be an emotional distress claim.

Upon Ms. Faris filing a motion for summary judgment, a hearing was held on October 11, 2010. The trial court granted the dispositive motion and ruled as follows:

> 1. Plaintiff's claim is for damages arising from a claim of intentional or negligent infliction of emotional distress;

2.  Plaintiff has failed to show any material evidence as to each of the five elements of general negligence – duty, breach of duty, injury or loss, causation in fact, and proximate or legal cause; and

3.  Plaintiff has failed to demonstrate through expert or scientific proof that he has suffered a serious or severe emotional injury occasioned by any action or inaction of the defendant.

* * *

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment be and the same is hereby Granted;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Judgment is enter[e]d in favor of Willa Faris, defendant, and the case is hereby dismissed against defendant with full prejudice . . . .

The trial court denied Mr. Bonanno's motion for summary judgment and request for reconsideration of the trial court's ruling. This timely appeal was filed.

## II.  ISSUE

Mr. Bonanno's sole issue presented is whether the trial court correctly granted summary judgment.

## III.  STANDARD OF REVIEW

Our review of this appeal is guided by the law applicable to summary judgments and the scope of review as stated in *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76 (Tenn. 2008):

The moving party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.,* 31 S.W.3d 181, 183 (Tenn. 2000). The moving party has the ultimate burden of persuading the court that

there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993). Accordingly, a properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party fails to make this showing, then "the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails ." *McCarley,* 960 S.W.2d at 588; *accord Staples,* 15 S.W.3d at 88.

\* \* \*

If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist. *McCarley,* 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. . . . The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party. *McCarley,* 960 S.W.2d at 588. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd,* 847 S.W.2d at 215. A disputed fact presents a genuine issue if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness. *Blair [v. W. Town Mall],* 130 S.W.3d [761, 763 (Tenn.2004) ]. In addition, we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party. *Staples,* 15 S.W.3d at 89.

*Id.,* at 83–84.

## IV. DISCUSSION

A successful claim for *negligent* infliction of emotional distress in Tennessee must include all five elements of standard negligence, as well as expert proof establishing that the plaintiff's emotional distress is "serious" or "severe." *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008) (emphasis added). "The five elements of negligence include (1) a duty of care

owed [to] the plaintiff [by] the defendant, (2) conduct by the defendant that breaches this duty, (3) an injury or loss, (4) a cause-in-fact connection between the plaintiff's injury or loss and the defendant's conduct, and (5) the existence of proximate or legal cause." *Id.* at 735 n. 19.

The three essential elements to a cause of action for *intentional* infliction of emotional distress are: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997) (citing *Medlin v. Allied Inv. Co.,* 398 S.W.2d 270, 274 (Tenn. 1966); *Johnson v. Woman's Hospital,* 527 S.W.2d 133, 144 (Tenn. Ct. App. 1975)) (emphasis added).

The Tennessee Supreme Court held in *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996), a negligent infliction of emotional distress claim, that to avoid against trivial and fraudulent actions, the law ought to provide recovery only for "serious" or "severe" emotional injury which occurs "where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* at 446. The *Camper* Court held that the plaintiff must support his claim of injury or impairment by expert medical or scientific proof. *Id.*

Mr. Bonanno can prove that Ms. Faris called him on the telephone in an effort to collect a debt she believed Mr. Bonanno owed for services rendered by her. He can prove that on one occasion Ms. Faris called him at his place of employment and left a message that she would take him to court if he did not pay the bill. He alleges that these calls from Ms. Faris caused him to suffer anxiety and stress. The record, however, contains no evidence that Mr. Bonanno suffered any loss as a result of the calls. He did not lose any time from work. He lost no money and had no medical expenses nor did he offer any evidence that he suffered any incidental costs as a result of any action occasioned by Ms. Faris. Further, Mr. Bonanno has no expert medical or scientific proof that he has suffered a "serious" or "severe" emotional injury as the result of any action attributable to Ms. Faris such that a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances.

Ms. Faris, therefore, has shown that Mr. Bonanno cannot prove an essential element of his claim. Based upon our review of the evidence in the record and the applicable legal principles, we must affirm the ruling of the trial court that there are no genuine issues of material fact and Ms. Faris is entitled to judgment as a matter of law.

## V. CONCLUSION

The judgment of the trial court is affirmed and the cause is remanded for such further proceedings as necessary. Costs of the appeal are assessed to the appellant, Louis Bonanno, Sr.

_____
JOHN W. McCLARTY, JUDGE