PETER YOAKLEY *v.* JOHN HAWLEY *et al.*

ATTORNEY. *Client.* Clients have the right in person or by written order to dismiss their suits or to withdraw their plea, notwithstanding the counsel may object. The attorney has no right to object to any disposition of the case his client may choose to make.

FROM SULLIVAN.     .

Appeal in error from the Circuit Court of Sullivan ·county. NEWTON HACKER, J.

· C. J. ST. JOHN and S. J. KIRKPATRICK for Yoakley.

W. V. DEADERICK, U. L. YORK and THOMAS ·CURTIN for Hawley.

MCFARLAND, J., delivered the opinion of the court.

Yoakley brought this action against a number of defendants, charging them with breaking open his store-house and seizing and carrying away a valuable lot of tobacco. The action was dismissed as to all the defendants except John Hawley, Adam Bowery, Francis Wolf and George Galloway, as to whom the cause was finally tried, resulting in a verdict and judgment in favor of said defendants. A new trial being refused, the plaintiff has appealed in error.

When the cause was called for trial, but before the jury were sworn, Messrs. York and Deaderick, attorneys representing Adam Bowery and other defendants, stated to the court that they had just received a paper, which they read to the court, as follows:

"Messrs. York and Deaderick: Gents—Please withdraw all pleas, so far as I am concerned, in the case of Peter Yoakley *v.* John Hawley and others. I have employed no counsel and desire to make no defense. Respectfully, Adam Bowery. Attest: Henry Ford."

Said attorneys stated to the court at the time they had been counsel for said Bowery and were concerned in the suit as to their fees. That they represented another party who had attached in another suit in chancery the same land which the plaintiff had attached in this case as Bowery's. Said other party had attached the land as the property of R. H. Young, to whom Bowery had conveyed it a few days subsequent to the levy of attachment in this case. The land had been sold in the chancery suit, the sale confirmed, and the proceeds of the sale notes were going to parties represented by said York and Deaderick. They proposed to prove these facts by the records, but they were admitted by plaintiff's counsel. Said attorneys further stated that they did not know the above mentioned order to be genuine, and that they did not propose to act upon it, but only brought it to the attention of the court to relieve themselves of the imputation of having suppressed or concealed the matter.

The counsel for the plaintiff then proposed to prove the due execution of said order by said Bowery, and for this purpose they introduced the plaintiff and Henry Ford as witnesses. Yoakley, the plaintiff, testified that at a former term of the court some one told him that Adam Bowery wanted to see him, and soon thereafter he went to see him in company with Henry Ford. When he got there he said to Bowery, I understand you want to see me, is that so ? Bowery replied it was; that he was getting old and wanted to stop the suit; saying, "I am guilty, I treated you wrong, and I want to confess judgment." He further testified that the body of the order was in his, Yoakley's, handwriting, and the signature in the handwriting of said Bowery—that he signed it. Ford testified substantially to the same effect, and further, that Bowery was in feeble health and said he could not come to court. That he, the witness, delivered the order to W. V. Deaderick. That he said he had at one time spoken to Mr. Haynes, but had employed no counsel. It was proven, however, that Bowery admitted to witness, Wm. Hawley, the day before the trial, that he did at one time employ Mr. Deaderick, and it was proven by John Hawley that he was present when said Bowery employed Jas. W. Deaderick. Upon the forgoing facts the plaintiff's counsel moved the court for an order on Messrs. York and Deaderick to withdraw the pleas of said Bowery in accordance with said order, but the motion was refused.

Plaintiff's counsel also moved the court for a rule

Yoakley *v.* Hawley.

on Messrs. York and Deaderick to show by what authority they appeared as attorneys for Adam Bowery; this was also refused.    To all of which plaintiff excepted.

There is no reason to question the authority of Messrs. York and Deaderick to appear and defend the cause for said Bowery in the first instance.    But a party has always the right to control his case, and he has the absolute right to revoke the authority of his attorney to prosecute or defend in his name. The attorney cannot prosecute or defend in the name of his client against the latter's consent.    The fact that the attorney may be interested to continue the defense in order to secure his fee, does not give the right to control the case.

Nor does the fact that the interest of another client of the attorney in this case requires that this suit should be defended, give the attorneys the right to take the control of this cause as to Bowery out of his hands.

It may be that Bowery is acting in collusion with the plaintiff, with the purpose of injuriously affecting the rights of other parties in the property attached, yet if for any reason he chooses to let a judgment go in favor of Yoakley in this case, *prima facie* at least, he has the right to do so.    What may be the effect of such a judgment as to the rights of the other parties, or whether such other parties may have any remedy to prevent such a course, are questions . not now before us.

The order, introduced with the evidence in regard
    43—VOL. 5.

thereto, made a *prima facie* case for a rule upon the attorneys to show by what authority they continue the defense in behalf of said Bowery. If they should be able afterwards to show that the order had been obtained by fraud or imposition upon their client, it would be a good answer to the rule, and for this purpose time should have been allowed to confer with him. If, however, said Bowery should choose to adhere to the purpose expressed in the order, there would be no alternative but to obey it. We have held in two recent unreported cases, that the attorney has no right to object to any disposition of the case his client may choose to make.

The action of the court in this respect was therefore erroneous, and it must be reversed and the cause remanded.

But this does not affect the case as to the other defendants, as to whom there was a regular trial, if there be no error in the record. As to them the judgment in their favor should be affirmed.

The first error assigned, as to said defendants, is in the admission of the testimony of Col. Terry, to the effect that, as colonel in the Confederate army, during the late war, he received a printed circular order from the Confederate secretary of war, directing the confiscation of the property of all persons who had gone beyond the Confederate lines into the Federal lines, and that tobacco was one of the articles specified, that the order received by him had been destroyed. It should be stated that the seizure of the plaintiff's tobacco occurred during the war. The defense in

Yoakley *v.* Hawley.

substance was, that the seizure was made under an order from Col. Terry, commanding the post at Bristol, specially ordering the seizure of the plaintiff's tobacco because he was an enemy to the Confederate government.   The ground of the objection to the above testimony does not, from the bill of exceptions, appear to have been stated at the time.   The argument now is, that a copy of the original order in the office of the Confederate secretary of war might have been procured as the better evidence.

If this objection were valid it should have been stated at the time, so as to give the parties an opportunity to meet the objection, but it was not valid.   The circular received by Col. Terry was shown to have been destroyed, and no copy is shown to have been in existence.   Besides, it would probably be impracticable to procure a copy of the original from which Col. Terry's copy was taken, or to prove it to be a copy.   There is no evidence that such a paper is in existence.

Next, objection is taken to the charge of the circuit judge upon the question of admissions made by parties to a cause.   The objection is that the jury, were told that admissions should be received cautiously, as they might be made in a casual conversation, and because of the difficulty of disproving them, and were not told in the same connection that when deliberately and understandingly made they are the highest grade of evidence.   Conceding the charge to be inaccurate, it is clear that the jury could not have been mislead, because there was really little or no controversy

about the facts, and the admissions were unimportant.
That the plaintiff's tobacco was taken is not denied, and
the connection of the several defendants with the tak-
ing was not a matter of doubt. The question was
whether they were justified by the orders under which
they acted.

The plea under which the defense was made did
not perhaps properly present the real defense, that is,
that the defendants were acting under the orders of
Col. Terry, but only avers that the seizure was a
legitimate act of war. The replication, however, goes
farther than the plea, and denies that the seizure was
under the order of superior officers, directly putting
this question in issue, and, besides, after a demurrer
had been sustained, an agreement was made for the
purpose, as it recites, of having a trial on the merits,
by which it was agreed that the judgment on the
demurrer should be set aside, and the plea reinstated
and issue taken thereon. In this view, we think there
was no error in admitting in evidence the order
of Col. Terry, although not specially set up in the
plea.

The plaintiff, Yoakley, was not, by reason of his
Union sympathies, an enemy to the Confederate gov-
ernment. On the contrary, his residence within the
limits of the Confederate lines made him an enemy
of the United States, and he might have been so
treated. But the Confederates might, according to the
usages of war, treat as an enemy one of their citizens
who had voluntarily gone into the enemy's lines as
the plaintiff had done. At all events, they might

seize his property, and the seizure being by express order of a superior military officer, was a protection to those who as soldiers obeyed the order.

There is no error except as to Bowery; the judgment as to him will be reversed, and as to the other defendants affirmed.