# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 11, 2013 Session

## LESA C. WILLIAMS, ET AL. v. RENARD A. HIRSCH, SR.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 09-425-III     Hamilton V. Gayden, Jr., Judge, Sitting by Interchange**

---

**No. M2012-01996-COA-R3-CV - Filed September 13, 2013**

---

The trial court awarded partial summary judgment to both parties in this dispute over the division of attorney's fees. We affirm the trial court's holding that Tennessee law, and not the "modern rule" is applicable to this case as a matter of law. We reverse the trial court's awards of summary judgment to both parties on the remaining issues, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part, Reversed in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Winston S. Evans, Nashville, Tennessee, for the appellants, Lesa C. Williams; Lesly Williams, Jr., a minor by Lesa C. Williams, Guardian of His Estate and Person; Alana Williams, deceased, by Lesa C. Williams, next of kin; and The Estate of Lesly Williams, Sr., deceased, by Lesa C. Williams, Administrator.

James W. Price, Jr., Nashville, Tennessee, for the appellant, Aundreas Smith.

William David Bridgers and Elizabeth Sara Tipping, Nashville, Tennessee, for the intervenor, Neal & Harwell, PLC.

Gary Marcell Kellar and Robert L. Smith, Nashville, Tennessee, for the appellee, Renard A. Hirsch, Sr.

This is the second time this dispute over the division of attorney's fees has appeared in this Court. The genesis of this lawsuit is a tragic October 2005 motor vehicle accident in which Plaintiffs/Appellants Lesa C. Williams (Ms. Williams) and her minor son sustained multiple serious injuries, and Ms. Williams' husband and daughter were killed. Following litigation that included prolonged discovery, in May 2009 the trial court approved a settlement in a consolidated action in which Ms. Williams was awarded a substantial recovery. *Williams v. Hirsch*, No. M2010–02407–COA–R9–CV, 2011 WL 303257, at *1 (Tenn. Ct. App. Jan. 25, 2011), *perm. app. denied* (Tenn. May 26, 2011)("*Williams I*"). This dispute between Ms. Williams and three attorneys over the division of the contingency fee of one-third of the settlement amount ("the contingency fee" or "the fee") ensued.

In March 2009, Ms. Williams filed a declaratory judgment action in the Davidson County Chancery Court seeking a ruling that attorney Renard A. Hirsch, Sr. (Mr. Hirsch), the Defendant/Appellee in the current action, was not entitled to recover any fee or, in the alternative, was entitled only to compensation at a reasonable hourly rate. Mr. Hirsch asserted the affirmative defense of standing and filed a motion for summary judgment asserting, in part, that Ms. Williams lacked standing where the total amount of the fee was undisputed, where the division of attorneys' fees did not impact the total amount of fees, and where Ms. Williams therefore suffered no injury or damages. The trial court permitted Aundreas Smith (Ms. Smith), one of the other attorneys involved in this dispute, to file an intervening complaint seeking the same declaration and dismissed Ms. Williams for lack of standing. In November 2010, the trial court denied Ms. Williams' motion to alter or amend the judgment, but granted her permission for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. *Id.* We granted permission for interlocutory appeal and reversed, holding that Ms. Williams had an interest in the litigation under Tennessee Code Annotated § 29-14-103. *Id.* at *2. We remanded the matter to the trial court for further proceedings. *Id.*

In *Williams I*, we recited the following background facts:

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Following the (October 2005) accident, Ms. Williams, through her conservators, contacted attorney Aundreas Smith, a family friend with whom Ms. Williams shares a common sister-in-law, concerning the possibility of filing a personal injury lawsuit. Ms. Smith was employed at the time by Smith, Hirsch, Blackshear and Harris, PLC, and Ms. Williams eventually retained both Ms. Smith and Renard Hirsch, a partner at Smith, Hirsch, Blackshear and Harris, to represent her. The retainer agreement entered into by the parties provided that Ms. Williams would pay Ms. Smith and Mr. Hirsch a one-third contingency fee. Ms. Smith and Mr. Hirsch filed suit on behalf of Ms. Williams and her family on December 30, 2005.

Ms. Smith left Smith, Hirsch, Blackshear and Harris, PLC in April of 2006. In October of 2006, the parties decided to associate Phil Elbert of Neal and Harwell, PLC to serve as lead counsel in the case. The agreement, signed by all three counsel and Ms. Williams, states that Neal and Harwell would receive 50% of the one third continency fee.

During the course of the litigation, Ms. Williams grew closer with Ms. Smith. At the same time, however, Ms. Williams became dissatisfied with Mr. Hirsch's representation. On January 3, 2008, Ms. Williams requested that Mr. Hirsch withdraw as counsel of record. Mr. Hirsch complied and, in March of 2008, filed a Notice of Attorney's Lien claiming "an undivided fifty percent of one-third of the total recovery."

*Id*. at *1. Mr. Hirsch filed an application for permission to appeal to the supreme court, which was denied in May 2011.

On remand to the trial court, in August 2011 Mr. Hirsch filed a motion to amend his answer and to assert a counterclaim against Ms. Williams. While Mr. Hirsch's motion to amend was pending, in October 2011 Mr. Hirsch deposed Phil Elbert (Mr. Elbert) of Neal and Harwell, PLC ("N&H"). Mr. Elbert testified in his deposition that N&H, Ms. Smith and Ms. Williams had entered into an agreement in December 2008, after the underlying litigation had been settled, providing for the division of the portion of the contingency fee not awarded to Mr. Hirsch. In November 2011, Mr. Hirsch filed a motion to compel Ms. Smith to produce all documents sought in his discovery requests. Ms. Smith filed a motion for protective order in January 2012, seeking an order protecting her from the requirement of producing all correspondence between Ms. Smith and Mr. Elbert, Ms. Smith's file in the matter styled *Williams v. Thames*, and copies of depositions in which Ms. Smith participated in the underlying matter. She attached December correspondence between herself, Ms. Williams and Mr. Elbert regarding the division of the remainder of the contingency fee. The

parties then engaged in protracted pursuit of whether Ms. Smith, Ms. Williams and Mr. Elbert had acted in collusion to conceal the December 2008 agreement.

On February 1, 2012, N&H filed a motion to intervene in the matter. The trial court apparently advised the parties by letter on March 2, 2012, that N&H would not be allowed to participate as attorneys in a jury trial where it was a witness; that it would not be permitted to have a legal representative at the Plaintiff's table or to challenge jurors; and that it would not be allowed to conduct direct or cross-examination or to participate in opening or closing argument. The trial court subsequently entered an order permitting N&H to intervene on April 3, 2012.

On March 20, 2012, Ms. Smith filed a notice of renewal of her motion for summary judgment, which was originally filed in October 2010. In her motion, Ms. Smith relied on the memorandum of law and supporting documents filed with her 2010 motion. Ms. Williams also filed a motion styled renewed motion for summary judgment on the same day.

Mr. Hirsch filed what we perceive as a renewed motion for summary judgment on March 27, 2012. The trial court granted Mr. Hirsch's August 2011 motion to amend,[2] and on March 27, 2012, Mr. Hirsch also filed an amended answer and counter-complaint. In his amended answer, Mr. Hirsch denied that he had been retained by a fee agreement attached as exhibit one to Ms. Williams' March 2009 complaint ("the 2005 Agreement"); denied that Ms. Williams had employed Philip N. Elbert (Mr. Elbert) of the firm Neal and Harwell ("N&H") to serve as co-counsel with Mr. Hirsch's consent; stated that he was without knowledge with respect to Ms. Williams' assertion that she had become dissatisfied with his services in 2007; admitted that Ms. Williams discharged him in January 2008; denied Ms. Williams' assertion that, because no meaningful settlement offer had been made by January 2008, any fees which Mr. Hirsch might be entitled to recover were limited to a reasonable hourly rate; admitted that Ms. Williams had requested an accounting and that it had not been supplied; admitted that he filed a motion for leave to withdraw in February 2008, and that his motion was granted; denied Ms. Williams' allegation that by letter dated June 10, 2008, she declared Mr. Hirsch to be in breach of the 2005 Agreement; admitted that he replied to Ms. Williams' correspondence on June 25, 2008, and stated that he had been discharged without cause; denied Ms. Williams' assertion that his compensation should be limited to a reasonable hourly rate because he was in breach of the 2005 Agreement; and agreed that 25 percent of one-third of the 2009 settlement amount was being held in a separate account pursuant to court order. Mr. Hirsch asserted the affirmative defenses of failure to state a claim, waiver, and standing. Mr. Hirsch asserted that he could not be found to be in breach of the 2005

---

[2]The trial court entered its order granting the motion on April 30, 2012.

Agreement where Ms. Williams had ratified the subsequent agreements between counsels. Mr. Hirsch prayed for enforcement of his attorney's lien and asserted a counter-complaint against Ms. Williams seeking pre-judgment and post-judgment interest from the date of the May 2009 settlement.

N&H filed its intervening complaint on April 18, 2012. In its complaint, N&H asserted, *inter alia*, that pursuant to the October 2006 agreement between Ms. Williams, Ms. Smith, Mr. Hirsch and N&H and the December 2008 agreement between Ms. Smith, Ms. Williams and Mr. Elbert, the calculation of its fee was dependant on the amount of fees to be paid to Mr. Hirsch. It prayed for a declaration that Mr. Hirsch was terminated with cause and for a determination of the amount of fee to which Mr. Hirsch was entitled, if any. It also prayed for costs and general relief. Ms. Williams answered Mr. Hirsch's counter-complaint on April 11, 2012 and on April 19 N&H, Ms. Smith and Ms. Williams filed a joint motion in opposition of Mr. Hirsch's motion for summary judgment. On April 24, N&H joined Ms. Williams and Ms. Smith's motions for summary judgment.

Following a hearing on April 26, 2012, by order entered May 23, 2012, the trial court determined that summary judgment was appropriate "on both sides." The trial court determined that Mr. Hirsch was not discharged for cause and, after reviewing the three contracts implicated involved in the case, determined that the matter was not "an all or nothing contract or quantum meruit case." It determined that N&H was entitled to 60 percent of the substantial attorney's fees generated by the underlying lawsuit; that Ms. Smith was entitled to 25 percent; and that Mr. Hirsch was entitled to 15 percent. The trial court divided the undistributed portion of fees that were held in an interest-bearing bank account to reflect its award, which thereby resulted in an award of some interest to Mr. Hirsch. The trial court reserved issues surrounding Mr. Hirsch's allegations of unclean hands in light of the jury demands of the parties, and divided the costs one-half to the Plaintiffs and one-half to Mr. Hirsch.

In June 2012, Ms. Williams, Ms. Smith and N&H (hereinafter, collectively, Plaintiffs) filed a motion to alter or amend the order. In its motion, Plaintiffs asserted that the evidence preponderated against the trial court's finding that Mr. Hirsch was not discharged for cause. They further asserted that the October 2005 agreement governed the compensation to be awarded to Mr. Hirsch regardless of whether he was discharged for cause or without cause, and that no subsequent agreement between the parties modified this term. Plaintiffs also asserted that the trial court erred by not applying the "modern rule" when determining the amount of compensation to which Mr. Hirsch was entitled, and that the issue of unclean hands was "moot" in light of the trial court's award of summary judgment.

Mr. Hirsch replied to Plaintiffs' motion to alter or amend in July 2012. In his reply,

which we perceive as a reply and cross-motion to alter or amend, Mr. Hirsch asserted that Plaintiffs were barred from recovery under the doctrine of unclean hands and were not entitled to a jury trial on this or any matter; that the doctrine of judicial estoppel barred Ms. Williams and Ms. Smith from recovery; and that Mr. Hirsch was "actively involved" in the underlying action. He sought a summary judgment ruling on the issue of unclean hands and judicial estoppel. N&H responded to Mr. Hirsch's motion in August 2012, and moved to strike any allegations that Mr. Elbert or N&H had engaged in unethical conduct.

Following a hearing on August 3, by order entered August 21, 2012, the trial court granted N&H's motion to strike allegations of unethical behavior on the part of N&H and/or Mr. Elbert. The trial court also ordered all ethical allegations against the attorneys of record stricken. It found that Ms. Williams and Ms. Smith were "deceptive" to the trial court and "perhaps" to this Court and the supreme court, but determined that they were not barred from recovery under the doctrine of unclean hands or equitable or judicial estoppel. In its findings of fact and conclusions of law, the trial court determined that Mr. Hirsch was not discharged for cause, declined to adopt the "modern rule" as the standard for determining compensation for a discharged attorney, and determined that quantum meruit was not the appropriate basis upon which to base Mr. Hirsch's compensation. The trial court otherwise affirmed its award of summary judgment to both sides with respect to the division of attorney's fees. Ms. Williams and Ms. Smith filed timely notices of appeal to this Court.

### *Issues Presented*

The issues presented for our review as worded by Ms. Smith are:

(1)     Whether the Court erred in failing to hold as a matter of law that under the 2005 retainer contracts and Mr. Hirsch's fee was limited to his reasonably [sic] hourly rate.

(2)     That even if the 2005 retainer agreement was not binding on Mr. Hirsch, whether under Tennessee Law, Mr. Hirsch was limited to either his reasonable hourly rate or an amount based upon *quantum meruit*.

(3)     Whether the court erred in finding the Plaintiffs were deceptive.

Ms. Williams presents three additional issues:

(1)     Whether the trial court erred by relying on matters not of the record when granting summary judgment.

(2)     Whether Mr. Hirsch was discharged for cause.

(3)     Whether the Courts of Tennessee should adopt the modern and majority rule which holds that a lawyer who is discharged without cause from a contingency fee contract may only recover in quantum meruit for the value of his services.

Mr. Hirsch presents eight issues on cross-appeal. The additional issues presented by Mr. Hirsch, as we understand them, are:

(1)     Whether the trial court erred by failing to find that Ms. Williams and Ms. Smith engaged in deceptive conduct that amounted to unclean hands.

(2)     Whether, under the doctrine of equitable estoppel, N&H is barred from denying that Mr. Hirsch was involved in the underlying litigation where Mr. Hirsch's name was signed on documents filed in the trial court.

(3)     Whether N&H's intervention in the matter was untimely.

(4)     Whether Ms. Williams and Ms. Smith have made statements in this matter that constitute waiver.

***Standard of Review***

Our standard of review in this case is governed by the standard set-forth by the Tennessee Supreme Court in *Hannan v. Alltel*, 270 S.W. 3d 1 (Tenn. 2008) *and Martin v. Norfolk Southern Railway Company*, 271 S.W.3d 76 (Tenn. 2008). We review a trial court's award of summary judgment *de novo* with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at 83 (quoting Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id*. (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). The

nonmoving party's "burden to produce either supporting affidavits or discovery materials is not triggered" if the party moving for summary judgment fails to make this showing, and the motion for summary judgment must be denied. *Id*. (quoting *McCarley*, 960 S.W.2d at 588; accord *Staples*, 15 S.W.3d at 88). The moving party may carry its burden by "(1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial." *Id*. (citing *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn.2008); *see also McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n. 5). Additionally, a mere "assertion that the nonmoving party has no evidence" will not suffice. *Id*. at 84 (citing *Byrd*, 847 S.W.2d at 215). "[E]vidence that raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." *Id*. (citing *McCarley*, 960 S.W.2d at 588). Rather, "[t]he moving party must either produce evidence or refer to evidence previously submitted by the nonmoving party that negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(citing *Hannan*, 270 S.W.3d at 5). In order to negate an essential element, "the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party." *Id*. at 84 (citing *see Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004)). The motion for summary judgment must be denied if the moving party does not make the required showing. *Id*. (citing *Byrd*, 847 S.W.2d at 215).

After the moving party has made a properly supported motion, the nonmoving party must "produce evidence of specific facts establishing that genuine issues of material fact exist." *Id*. (citing *McCarley*, 960 S.W.2d at 588; Byrd, 847 S.W.2d at 215). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.02 of the Tennessee Rules of Civil Procedure. *Id*. (citing *McCarley*, 960 S.W.2d at 588; accord *Byrd*, 847 S.W.2d at 215 n. 6). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id*. (citing *McCarley*, 960 S.W.2d at 588). "'A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)(quoting *Byrd*, 847 S.W.2d at 215). "A disputed fact presents a genuine issue if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *Id*. With this standard in mind, we turn to the issues raised on appeal.

### *Discussion*

We begin our discussion by noting that Ms. Williams does not dispute the substantial

amount of attorney's fees to be awarded in this case.  Rather, this dispute is about the division of those fees among the three attorneys of record involved in the underlying litigation.  The technical record alone in this case consists of more than 2100 pages, and the parties have engaged in discovery and mud-slinging that is more commonly found in a bad divorce.  We also note that N&H did not file a notice of appeal in this case, but has filed a brief stating that neither Mr. Hirsch nor Ms. Williams or Ms. Smith have appealed the percentage of attorney's fees to be awarded to N&H.  It urges us to affirm the amount of attorney's fees awarded to N&H and to "disregard the inappropriate attacks that Mr. Hirsch has leveled against" N&H.  Contrary to this assertion, however, we observe that Mr. Hirsch urges that neither Ms. Williams, Ms. Smith nor N&H are entitled to relief and that he and Ms. Smith are each entitled to one-quarter of the total contingency fee.  Mr. Hirsch's argument, as we understand it, is that the trial court erred by awarding N&H 60 percent of the fees where he and Ms. Smith were each entitled to 25 percent of the fees.

The issues presented by appeal, as we perceive them are:

(1)     Whether the trial court erred by awarding summary judgment to Mr. Hirsch on the issue of whether he was discharged with or without cause.

(2)     Whether the trial court erred by awarding summary judgment to Ms. Williams and Ms. Smith on the question of whether they were guilty of unclean hands in this matter.

(3)     Whether the trial court erred by awarding summary judgment to N&H on the issue of whether it had engaged in unethical conduct.

(4)     Whether the trial court erred by awarding summary judgment with respect to the division of attorney's fees without determining which of the parties' agreements, if any, governed this matter.

(5)     Whether the trial court erred by declining to adopt the modern rule governing the amount of attorney's fees to be awarded to a discharged attorney.

We turn first to whether the trial court erred by declining to adopt the "modern rule" in this matter.  As we recently explained in *Hill Boren, P.C. v. Paty, Rymer & Ulin, P.C.*, No. W2012-00925-COA-R3-CV, 2013 WL 1136540 (Tenn. Ct. App. Mar. 19, 2013):

"Under Tennessee law a client has a right to discharge his attorney with or without cause." *Crawford v. Logan*, 656 S.W.2d 360, 364 (Tenn. 1983) (citing

*Chambliss, Bahner & Crawford v. Luther*, 531 S.W.2d 108 (Tenn. Ct. App. 1975)). "Clients cannot be forced to entrust their legal matters to an unwanted lawyer." *Seibers v. Pepsi–Cola Bottling Co.*, No. M1999–02559–COA–R3–CV, 2000 WL 1862833, at *3 (Tenn. Ct. App. Dec. 21, 2000). Accordingly, clients can "discharge a lawyer at any time regardless of cause and regardless of any contract between the client and the lawyer." *Id.* (citing *Yoakley v. Hawley*, 73 Tenn. 670, 673 (1880); *In re Ellis*, 822 S.W.2d 602, 607 (Tenn. Ct. App. 1991); *Chambliss, Bahner & Crawford*, 531 S.W.2d at 110). However, upon discharge, "the attorney is entitled to just and adequate compensation for services rendered." *Adams v. Mellen*, 618 S.W.2d 485, 488 (Tenn. Ct. App. 1981) (citing *Spofford v. Rose*, 145 Tenn. 583, 611, 237 S.W. 68, 76 (1922)). "Where there is a contract between attorney and client for compensation on either a contingency or flat-fee basis, and the attorney is discharged prior to the resolution of the case, the attorney is entitled to sue for either the full amount contemplated by the contract, or quantum meruit, an amount measured by the value of the work the attorney actually performed." *Sowell v. Christy*, No. M2004–02186–COA–R3–CV, 2006 WL 568238, at *2 (Tenn. Ct. App. Mar. 8, 2006) (citing *Brownlow v. Payne*, 2 Tenn. App. 154, 162 (1925)). "Whether or not the client had just cause to discharge his or her attorney directly impacts the potential compensation the discharged attorney may be entitled to receive for services performed." *Gupton v. Davis*, No. E2011–02215–COA–R3–CV, 2012 WL 4358184, at *8 (Tenn. Ct. App. Sept. 25, 2012). If the attorney was discharged for cause, "the attorney is entitled to recover on the basis of quantum meruit or breach of contract, whichever is *less*." *Crawford*, 656 S.W.2d at 364 (emphasis added). On the other hand, if the attorney was discharged *without* cause, "the attorney can recover on the same basis, but is entitled to the *greater* of the two possible awards." *Id.* (citing *Adams*, 618 S.W.2d at 485) (emphasis added). "'Where an attorney has been discharged by his client without cause, the attorney may rescind the contract of employment and may recover on a quantum meruit for services rendered up to the date of his discharge; or he may treat the contract as continuing, although broken by the client, and may recover for the breach.'" *Rose v. Welch*, 115 S.W.3d 478, 486 (Tenn. Ct. App. 2003) (quoting *Adams*, 618 S.W.2d at 485). "An attorney discharged without cause can thus elect to recover based on the full contract price or on quantum meruit, whichever is greater." *Id.*

*Id*. at *7. As a matter of law, the "modern rule" is not the rule in Tennessee. We affirm summary judgment in favor of Mr. Hirsch on that issue of law. Tennessee law applies to this matter.

With respect to the remainder of the issues, in light of the totality of the record, we must reverse the trial court's award of partial summary judgment to both parties where the court's awards are based on factual determinations that are not appropriate at the summary judgment stage. The trial court's determinations that neither Ms. Williams nor Ms. Smith engaged in behavior constituting unclean hands and that N&H did not engage in unethical behavior require determinations of credibility and findings of fact that are not appropriate at the summary judgment stage.

Similarly, we observe that the trial court appears to have awarded Mr. Hirsch 15 percent, Ms. Smith 25 percent, and Mr. Elbert 60 percent of the attorney's fees generated in this matter based on the court's own view of their contributions to the underlying litigation. With all due respect to the trial court's personal observations, this award is somewhat arbitrary where it is based neither on a contract amount nor on an undisputed quantum meruit amount nor an any calculation of a reasonable hourly amount. The parties do not appear to dispute that Mr. Elbert/N&H are entitled to at least 50 percent of the total amount of attorney's fees or that Ms. Smith is entitled to at least 25 percent. The trial court's determination that Mr. Hirsch is entitled to 15 percent, and that N&H is entitled to the remaining 10 percent, however, appears to be based on the trial court's own calculation of a quantum meruit amount rather than on any evidence in the record. We do not opine on the accuracy of the trial court's perception. However, the judgment must be based on factual and credibility determinations made by a finder of fact based on the evidence in the record.

The determination of whether Ms. Hirsch was discharged for cause also requires factual findings which preclude summary judgment under *Hannan* and *Martin*. As we noted in *Hill Boren*:

> "A 'for cause' firing 'includes the client's right to discharge the attorney whenever the client ceases to have absolute confidence in the relationship.'" *Gupton*, 2012 WL 4358184, at *8 (citing *Chambliss, Bahner, & Crawford*, 531 S.W.2d at 108; *McGee v. Maynard*, No. 01A01–9810–CV–00539, 1999 WL 824298 at *2 (Tenn. Ct. App. Aug. 12, 1999)). "The relation between attorney and client is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity, the judgment, or the capacity of the attorney." *Sowell*, 2006 WL 568238, at *2 (citing *Chambliss, Bahner & Crawford*, 531 S.W.2d at 110). In order to prove that a discharge was for cause on this basis, "a client must first establish that the discharge was the result of his actual loss of confidence in his attorney." *Rose*, 115 S.W.3d at 486. In addition to proving this subjective prong—that the client actually did lose confidence in his attorney—the client must also prove "that his reasons for the loss of confidence leading to the attorney's discharge were

objectively reasonable." *Id.* at 487.

*Id.* at *8. In this case, the parties dispute whether Ms. Williams' discharge of Mr. Hirsch was objectively reasonable. In light of the totality of the record in this matter, the determination of whether Ms. Williams' decision was objectively reasonable requires fact and credibility determinations by the finder of fact. Additionally, the parties dispute which of the agreements executed in this case is applicable to this matter, and the amount to which Mr. Hirsch would be entitled under the various agreements regardless of whether he was discharged for cause or without cause.

We are not insensitive to the trial court's resolution of this matter in a manner that appeared to the trial court to be fair in light of its own observations. However, the trial court's judgment required explicit and implicit factual and credibility determinations that simply were not appropriate at the summary judgment stage.

### *Holding*

In light of the foregoing, we affirm that, as a matter of law, the "modern rule" urged by Plaintiffs/Appellants is not the law to be applied to this case. We reverse the award of partial summary judgment to both parties, and remand for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to the appellee, Renard A. Hirsch, Sr., and one-half to the appellants, Lesa C. Williams; Lesly Williams, Jr., a minor, by Lesa C. Williams, guardian of his estate & person; Alana Williams, deceased, by Lesa C. Williams, next of kin; and The Estate of Lesly C. Williams, Sr., deceased by Lesa C. Williams, Administrator; and Aundreas Smith, and their sureties, for which execution may issue if necessary.[3]

_____
DAVID R. FARMER, JUDGE

---

[3]To the extent to which Mr. Hirsch asserts in his brief that Ms. Williams and Ms. Smith lack standing in this matter, we find that argument to be without merit in light of our holding in *Williams v. Hirsch*, No. M2010-02407-COA-R9-CV, 2011 WL 303257 (Tenn. Ct. App. Jan. 25, 2011).