IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs September 5, 2013

DAVID LENOIR, as COUNTY TRUSTEE, ET AL. v. HARDIN'S-SYSCO
FOOD SERVICES, LLC

Direct Appeal from the Chancery Court for Shelby County
No. CH-09-1659-3      Kenny W. Armstrong, Chancellor

No. W2012-02386-COA-R3-CV - Filed October 31, 2013

This appeal arises from the trial court's determination that Defendant Taxpayer was entitled
to a refund in the amount of $323,596.14. We affirm the trial court's determination that
Taxpayer is entitled to a refund, but vacate the judgment with respect to the amount of refund
due Taxpayer. We remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in
part, Vacated in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and
J. STEVEN STAFFORD, J., joined.

Robert B. Rowling, Memphis, Tennessee, for the appellants, David Lenoir, as County
Trustee and Shelby County, Tennessee.

Fred M. Ridolphi, Jr., Memphis, Tennessee, for the appellee, Hardin's-Sysco Food Services,
LLC.

**MEMORANDUM OPINION[1]**

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion
would have no precedential value. When a case is decided by memorandum opinion it shall
be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited
or relied on for any reason in any unrelated case.

The gravamen of this dispute is the extent to which Defendant Hardin's-Sysco Food Services, LLC,[2] ("Taxpayer") is entitled to a refund of payments calculated pursuant to a Lease Agreement under which Taxpayer made payments for the 2005 and 2006 tax years. The facts giving rise to this lawsuit are largely undisputed. In December 1997, Taxpayer and the Memphis and Shelby County Industrial Development Board ("the IDB") entered into a Lease Agreement ("Lease") pursuant to Tennessee Code Annotated §§ 7-53-101, *et. seq.*, for real property on B.F. Goodrich Boulevard. Pursuant to the Lease, Taxpayer conveyed the real property to the IDB, which the IDB leased back to Taxpayer on December 29, 1997. The Lease recited a term of seven years, encompassed the real property and existing and future improvements, set "basic rent" at $100.00 per annum, and fixed the tax assessment at the 1997 tax year assessment. Section 6 of the Lease further provided that Taxpayer would pay, as "[a]dditional [r]ent," utility charges and other costs and "[a]ll taxes of every type and description . . . assessments (including, but not limited to, assessment for public improvements or benefits), payments in lieu of taxes," and other charges. In 1998, Section 6.02 was amended to provide that, until December 30, 2004, amounts due as payments in lieu of taxes ("PILOT") would be computed based on the "now current tax assessment of $2,233,980 for County times the then current millage rate and $2,220,520 times the then current millage rate for City." The amended section further provided that "[f]rom the seventh (7th) anniversary until termination of this Lease and the reconveyance of Demised Premises to [Taxpayer]" the basis of computation would be "[t]he then current tax assessment determined as though the Demised Premises were owned by a taxpaying entity times the then current millage rate." Section 6.04 of the Agreement provided that Taxpayer's obligation to pay any amount due at the termination of the Agreement would survive termination of the Agreement.

On December 20, 2006, Taxpayer and the IDB entered into an agreement to terminate the 1997 lease agreement. The 2006 termination agreement recited consideration of $10 and was made retroactive to January 1, 2005. The real property was quitclaimed back to Taxpayer retroactive to January 1, 2005. According to Shelby County, in February 2006 and January 2007, Taxpayer made payments for the 2005 and 2006 tax years, respectively. The payments were computed based on section 6 of the Lease Agreement, as amended, and apparently were not reduced for the PILOT agreement.

It appears undisputed that the Shelby County Assessor ("Assessor") was not notified of the December 2006 retroactive termination agreement, and found the quitclaim deeds during a routine examination of records. In February 2008, the Assessor issued correction of error notices for the 2005 and 2006 tax years as provided by Tennessee Code Annotated

---

[2]The lease originally was executed by the IBD and Hardin-Sysco Food Services, Inc. Hardin-Sysco Food Services, Inc. merged with Defendant Hardin's-Sysco Food Services, LLC in December 1999.

§ 67-5-509. In the notices, the Assessor advised Taxpayer that the classification of parcels formerly encompassed by the 1997 Lease Agreement had been changed from exempt to industrial, and that the assessment had been changed from $0 to the current, non-exempt assessment amounts for each parcel. According to Shelby County, in April 2008, Taxpayer made two payments in the amount of $10,916.07 to reflect amounts owed based on the increased assessment for 2005 and 2006.[3] Taxpayer also appealed to the State Board of Equalization ("the Board").

Following a hearing in January 2009, the Administrative Law Judge ("ALJ") determined that, "although the notices [were] legally sufficient," they must be set aside on other grounds. The ALJ determined that, with respect to the 2005 tax year, the correction of error notices were issued beyond the statutory deadline provided by Tennessee Code Annotated § 67-5-509(d). With respect to the 2006 tax year, the ALJ determined that, although the notices were timely, "the decision to begin assessing [the] parcels for ad valorem tax purposes involved significant judgment and discretion." The ALJ determined that the appraisals and assessments of "0" for the 2005 and 2006 tax years should be "reinstated." The Assessor did not appeal that determination. In July 2009, Taxpayer sent a written demand to the Shelby County Trustee ("Shelby County") demanding a refund of taxes in an unspecified amount.

In August 2009, Shelby County filed a petition for declaratory judgment in the Chancery Court for Shelby County. The record contains an amended petition filed in June 2012. In its petition, Shelby County recited the ALJ's determination with respect to the correction of error notices and asserted that, pursuant to Tennessee Code Annotated § 67-5-502(c), "the Assessor's roll is not the proper authority to determine what monies are due for projects either under a PILOT or subject to the terms of the PILOT." It further asserted that the ALJ had ruled on "one single issue in the appeal challenging the assessment change," and that the ALJ did not address other issues not before the Board, including whether the Assessor could have properly issued a back assessment, "or whether any substantive action was necessary by the Assessor under these circumstances." It asserted that Taxpayer demanded a refund of all amounts paid for the 2005 and 2006 tax years based solely on the ALJ's reinstatement of the assessment of $0 for the purposes of adjudicating the propriety of the correction of error notices. It asserted that construing the ALJ's order as requiring a refund of all amounts paid "would result in a complete tax exemption for 2 years that [Taxpayer] operated as a taxable entity in Shelby County[.]" The County asserted that such a result would allow Taxpayer to avoid and evade property taxes without any legal basis. Shelby County contended that the ALJ's ruling was not dispositive to whether Taxpayer was obligated to make the February 2006 and January 2007 payments for the 2005 and 2006 tax years,

_____

[3]It is undisputed that in January 2008 Taxpayer paid all taxes due for 2007.

respectively. It asserted that, under section 67-5-201, Taxpayer was required to notify the Assessor of any change in use or ownership of property that formerly was tax exempt. It argued that the section obligates the County Trustee to collect taxes when property is transferred from exempt to non-exempt use, that it excludes the statute of limitations applicable to the back assessment statute, and that the section does not provide a limitations period. It argued that the general limitations period of ten years provided by Tennessee Code Annotated § 67-5-1906 accordingly was applicable. It prayed the court to construe the Lease Agreement, as amended, to determine the obligations of the parties, and to declare that it had collected the correct amount from Taxpayer. Shelby County also filed an amendment to its petition praying the court to declare that it could assess and collect taxes omitted from assessment for 2004, following the end of the term of the Lease Agreement as recited in that Agreement.

Taxpayer filed motions to dismiss Shelby County's petition, asserting that Shelby County had failed to raise any issues regarding the extension of the Lease Agreement and that it had failed to appeal the ALJ's determination. It asserted no taxes were due for 2005 and 2006, and that it accordingly was entitled to a refund. It asserted that, prior to May 1, 2007, the Assessor timely placed full real estate assessments on the properties for the 2007 certified assessment roll, increasing the assessments from $0 to full assessments, and that the Shelby County Trustee cancelled the PILOT records for 2007 and issued full tax bills which Taxpayer timely paid. Taxpayer asserted that the Assessor must rely on the correction of error provisions contained in section 67-5-509 to change assessments for prior years, and that it "delayed" until February 2008 to fully assess and tax parcels for the 2005 and 2006 tax years. It argued that the Shelby County Trustee, as the collection agent for the County, is required to change the tax collection amount pursuant to changes made by the Assessor pursuant to the correction of error and back assessment statutes. Taxpayer asserted that not all of the parcels that were assessed as in arrears were included in the PILOT, and that the full real estate tax bills issued by the Shelby County Trustee cancelled the PILOT and issued full real estate tax bills including additional parcels and, therefore, greater taxes. It asserted that the ALJ had determined that the Assessor's certificates of assessment changes for 2005 and 2006 were void, and that neither the Assessor nor Shelby County had appealed that decision or filed a stay of effectiveness. Taxpayer asserted that, because Shelby County had failed to appeal the ALJ's determination, the petition for declaratory judgment should be dismissed and Shelby County should be ordered to issue refunds for 2005 and 2006.

Following hearings in May and September 2012, the trial court granted Taxpayer's motion to dismiss Shelby County's petition for failure to state a cause of action on the grounds that it had failed to exhaust its administrative remedies. It also granted Taxpayer's request for refund of real property taxes for the 2005 and 2006 tax years. Without making findings, it set the amount of refund due Taxpayer at $323,596.14. The trial court entered final

-4-

judgment in the matter on September 24, 2012, and Shelby County filed a timely notice of appeal to this Court.

### *Issues Presented*

The issue presented by this appeal, as we perceive it, is whether the trial court erred by determining that Taxpayer was entitled to a refund in the amount of $323,596.14.

### *Standard of Review*

It is well-settled that "[a] motion to dismiss for failure to state a claim for relief challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012)(citation omitted). A motion to dismiss for failure to state a claim "admits the truth of the factual allegations in the complaint but asserts that the alleged facts fail to establish a basis for relief." *Id*. When considering a motion to dismiss, the "courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. Additionally, courts must give effect to the substance, rather than the form or terminology of a pleading." *Id*. (citations and internal quotations omitted). We review a trial court's adjudication of a motion to dismiss for failure to state a claim *de novo* without a presumption of correctness. *Id*. at 463.

When a trial court considers matters outside of the pleadings, as the trial court did in this case, a motion to dismiss is converted to a motion for summary judgment. *E.g., Adams TV of Memphis v. Com Corp of Tenn.*, 969 S.W.2d 917, 920 (Tenn. Ct. App. 1997). We review a trial court's award of summary judgment *de novo* with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at 83 (quoting Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id*. (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

*Discussion*

We begin our discussion by noting the procedural posture of this case. In its motion to dismiss, Taxpayer sought dismissal for failure to state a claim based on the Assessor's failure to appeal the ALJ's determination regarding the correction of error notices. Its argument, as we understand it, was that the ALJ's decision fully determined the matter. Shelby County, on the other hand, asserted the ALJ's ruling was conclusive only on the question of the validity of the correction of error notices. It further asserted that it did not seek to overturn the ALJ's decision, but sought a declaration of the extent to which Taxpayer was entitled to a refund, if any, under the Lease Agreement and governing statutes.

In addition to moving for dismissal of the matter, Taxpayer also asserted a prayer for a judgment requiring Shelby County to refund amounts due in an unspecified amount. Upon review of the transcript of the May 2012 hearing before the trial court, we observe that the trial court questioned the characterization of Taxpayer's demand. As we characterize it, Taxpayer's demand constituted a counter-claim for "amounts due." Thus we perceive the trial court's order as 1) dismissing Shelby County's petition and 2) awarding summary judgment to Taxpayer with respect to the amount of refund due, which it set at $323,596.14.

On appeal, Shelby County asserts it does not seek review of the ALJ's determination. In its brief, it states that it agrees with that ruling. Shelby County asserts that, under the ALJ's ruling "only the 4/18/2008 payment for 2005 and 2006 is refundable - the amount paid due to the Assessor's action later rejected by the Administrative Law Judge ($10,916.07 X 2 years = $21,832.14 total)." Shelby County's argument, as we understand it, is that the trial court erred by determining that Taxpayer was entitled to a refund of amounts paid in 2006 and 2007 as computed pursuant to the 1997 Lease Agreement. Thus, regardless of whether the trial court erred in dismissing Shelby County's petition, the gravamen of the issue raised by Shelby County on appeal is not whether Taxpayer is entitled to a refund, but whether the trial court erred by determining that Taxpayer was entitled to a refund in the amount of $323,596.14.

The trial court appears to have determined the amount of Taxpayer's refund based upon testimony given by Taxpayer's representative, Taylor Caruthers (Mr. Caruthers) of Caruthers and Associates at the May 2012 hearing on Taxpayer's motion. On one hand, Mr. Caruthers testified that Taxpayer asserted a right to a refund only of amounts paid in 2008 as a result of the Assessor's notice. He testified, "[a]ll that we are interested in is the . . . taxes based on . . . the increased assessment amount that was issued by the Assessor for tax years 2005 and 2006." He testified that Taxpayer was "not interested in the IDB lease payments. . . . all we want is the taxpayer's assessment, additional tax payments that were made based on the Assessor's assessment notice for those three parcels." Mr. Caruthers further testified regarding amounts paid on a number of parcels and stated that the payments were made in

2008. Those amounts, however, appear to reflect the increased assessment amounts contained in the Assessor's 2008 correction of error notices. At the conclusion of the hearing, the trial court and the parties agreed to hold the matter in abeyance in order to allow the parties to explore a possible settlement. The parties were unable to settle the matter and an additional hearing was held on September 18, 2012. The record before us, however, contains no transcript of that hearing.

In its extremely concise brief to this Court, Taxpayer recognizes Mr. Caruthers' testimony conceding that Taxpayer sought a refund of only amounts paid in 2008. It asserts that the trial court did not err by dismissing Shelby County's petition. However, Taxpayer makes no argument with respect to Shelby County's assertion that the trial court's award includes payments made in 2008 in addition to earlier payments made in 2006 and 2007 as computed by the Lease Agreement in effect during those tax years and terminated retroactively.

We agree with Shelby County that the ALJ's order adjudicating the validity of the 2008 correction of error notices is confined to that issue. The ALJ's order reinstates the status quo existing prior to issuance of the notices. Further, because Taxpayer conceded in the trial court that it is entitled to a refund only of amounts paid in 2008 by reason of the invalidated correction of error notices, we find it unnecessary to address whether Taxpayer is entitled to amounts paid in 2006 and 2007 for the 2005 and 2006 tax years.

As far as we can ascertain from the record before us, the resolution of the amount of refund to which Taxpayer is due depends on the extent to which payments are attributable solely to the invalidated correction of error notices. Shelby County asserts that in April 2008, Taxpayer paid an amount equivalent to two payments in the amount of $10,916.07 each pursuant to the 2008 correction of error notices for the 2005 and 2006 tax years. Taxpayer is silent with respect the amount paid solely by reason of the 2008 notices.

Clearly, any payments made by Taxpayer in 2006 and 2007 did not arise from the Assessor's 2008 correction of error notices. In light of Taxpayer's testimony at the May 2012 hearing of this matter, Taxpayer is not entitled to a refund of any payments made in 2006 and 2007 where it expressly restricted its demand to payments made in 2008 as a result of the Assessor's correction of error notices. Nothing in the ALJ's January 2009 order, the December 2006 retroactive Lease Termination Agreement, or the statutes entitles Taxpayer to a refund of amounts paid in lieu of taxes as "additional rent" under the 1997 Lease Agreement. Further, the Code clearly mandates that a "grantee or lessee of real property that, prior to the transfer to such grantee or lessee was tax exempt, shall promptly report to the assessor the change in the use or ownership of such property." Tenn Code Ann. § 67-5-

201(a)(3)(C)(2013).[4]  Taxpayer does not dispute Shelby County's assertion that it failed to report the transfer of property from the IDB to Taxpayer in 2006.  In light of Shelby County's concession in its brief that Taxpayer is entitled to a refund of amounts paid in 2008 based on the Assessor's correction of error notices, and in light of its failure to appeal the ALJ's 2009 holding, we express no opinion with respect to the ALJ's ruling here.

Upon review of the record, we are unable to determine, as a factual matter, the amounts paid by Taxpayer following the Assessor's 2008 correction of error notices that are solely attributable to those notices.  Taxpayer appears to have asserted at the May 2012 hearing in the trial court that it paid in excess of $300,000 as a result of the 2008 invalidated notices.  Shelby County, on the other hand, asserts that the 2008 correction of error notices result in one April 2008 payment in the amount of $21,832.14 for the 2005 and 2006 tax years.  Thus, the trial court must determine, as a factual matter, the amount Taxpayer paid as a result of the 2008 notices.  That amount is refundable in light of the ALJ's 2009 holding, which was not appealed.

### *Holding*

We hold that Taxpayer is entitled to a refund limited to amounts paid in 2008 by reason of the Assessor's 2008 correction of error notices for the 2005 and 2006 tax years.  Taxpayer is not entitled to a refund of amounts paid as computed under the original Lease Agreement where neither the 2006 termination agreement nor the statutes contemplate a refund of amounts paid in lieu of taxes as additional rent where Taxpayer undisputedly was in possession of the real property.  The trial court's judgment awarding Taxpayer a refund in the amount of  $323,596.14 is vacated.  This matter is remanded to the trial court for specific findings regarding the date and amount of Taxpayer's payments that are attributable solely to the 2008 correction of error notices and paid by reason of those notices, and entry of a judgment awarding Taxpayer a refund of those amounts.  In light of our holding, other issues raised by the parties are pretermitted as unnecessary.  Costs on appeal are taxed one-half to David Lenoir, as County Trustee and Shelby County, Tennessee, and one-half to the Appellee, Hardin's-Sysco Food Services, LLC.

_____
DAVID R. FARMER, JUDGE

---

[4]The 2006 version of the Code contained the identical provision.